ROBERT L. PIERCE'S APPEAL FROM DOINGS OF THE POLICE COMMISSIONER OF DERBY.

Third Judicial District, New Haven, January Term, 1906.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The charter of the city of Derby (13 Special Laws, p. 1168) provides that its police commissioner shall have power to appoint and remove all officers and members of the police department and that it shall be his duty to suspend, remove, or expel any officer or member for cause; that any member suspended, removed, or expelled by the commissioner may appeal to a judge of the Superior Court for a review of the case, who shall hear the cause and render such judgment as the facts warrant. *Held* :— ·

1. That in removing a member of the police department for cause, the

commissioner was exercising a power incident to executive discretion rather than one pertaining to a quasi-judicial function.

2. That an order of removal was final and could not be set aside upon appeal unless it appeared that some essential formality required by the charter had been omitted, or that the commissioner had acted so arbitrarily as to defeat the real purpose of the law in modifying an absolute discretion respecting removals.

3. That an allegation by the appellant to the effect that he was innocent of the charges of which the commissioner found him guilty, was immaterial and irrelevant, certainly in the absence of any averment of fraud or corruption by the commissioner in making the removal.

4. That a removal for a wilful disobedience of orders directing the appellant to assist in the execution of a search-warrant was unquestionably lawful.

Argued January 23d—decided March 8th, 1906.

APPEAL from an order of the police commissioner of Derby removing the appellant from his position of policeman of said city, taken to the *Hon. Edwin B. Gager*, a judge of the Superior Court, who sustained a demurrer to the appeal and confirmed the action of the commissioner, from which judgment the appellant appealed.  *No error.*

*Charles S. Hamilton*, for the appellant (Robert L. Pierce).

*William S. Downs*, for the appellee (the City of Derby).

HAMERSLEY, J.  The charter of the city of Derby establishes for the administration of the city government a street department, a fire department, and a police department.  It places each of these departments under the management and control of a commissioner appointed by and removable by the mayor.  It gives to the police commissioner the power of appointment and removal of the members of the police department, and imposes upon him the duty of appointing suitable persons members of said department, and of suspending, removing, or expelling any member for cause, filing a written notice thereof with the city clerk within three days after said action is taken ; and upon deciding to suspend or remove any member, of filing with such member a copy of the

order of suspension or removal, containing the commissioner's reasons for such action and the time when the same shall take effect. It gives him full power and imposes upon him the duty of prescribing the duties of the various members of the department, of fixing, subject to the approval of the board of aldermen, the compensation of each member except the chief, and of making all needful rules for the government and control of said department. It provides that each member of said department shall hold his membership until he shall resign, or be removed or expelled by said commissioner for cause. It provides, for any person aggrieved by the action of the commissioner in removing, expelling, or suspending him as a member of said department, an appeal or application to a judge of the Superior Court for a review of said case, and that "it shall be the duty of said judge to hear said cause and render such judgment therein as the facts shall warrant," provided, however, the person so aggrieved shall, within five days after receiving a copy of the order of suspension or removal, apply to a judge of the Superior Court for a review of such order as above provided. It provides that any one of certain acts of any member of the department, in using his office for political purposes, shall be an offense, and that any member convicted of such offense shall forfeit his membership. It also provides that the board of aldermen shall have power to pass ordinances "to provide the mode for removal of any officer for cause." 11 Special Laws, p. 612; 13 id. p. 1168.

It thus appears that the police commissioner is bound to select suitable persons as members of the department committed to his charge, and for this purpose he is given an absolute discretion in his selection. He is bound to prescribe the duties of the various members, and to make all needful regulations for the government and control of the department; and for these purposes he is given full power. He is responsible for the efficiency of the department, for the fitness of the officers he appoints, and the efficiency of those he permits to continue in office; and for failure to meet these responsibilities he is himself removable by the mayor.

We think it clear that in removing one of his appointees for cause he is exercising a power incident to executive discretion rather than one of a quasi-judicial nature, and that in a removal of this nature—limited by the necessity of assigning some cause and of informing the officer removed of the cause of his removal (having given him an opportunity for explanation) and stating the ground of removal—the action of the removing officer complying with the limitation is final. *State ex rel. Williams* v. *Kennelly*, 75 Conn. 704, 707 ; *People ex rel. Keech* v. *Thompson*, 94 N. Y. 451 ; *People ex rel. Gere* v. *Whitlock*, 92 id. 191, 197 ; *State ex rel. Kennedy* v. *McGarry*, 21 Wis. 502, 503 ; *People ex rel. Barnes* v. *Martin*, 19 Colo. 565 ; *State ex rel. Attorney-General* v. *Hawkins*, 44 Ohio St. 98, 115. The character of the removal authorized determines the nature of the appeal to a judge exercising the power of the Superior Court. The appeal is given for the purpose of providing a summary process by which the court may set aside the order of removal in case any essential formality has been omitted, or, perhaps, in case it finds that the commissioner has acted so arbitrarily as to defeat the real purpose of the law in modifying an absolute discretion in removal. *Avery* v. *Studley*, 74 Conn. 272, 283, 284. The only facts relevant upon the hearing of such an application are those which may warrant a judgment setting aside the action of the commissioner for failure to comply with such limitation upon his absolute discretion. The decisions in *State ex rel. Williams* v. *Kennelly*, 75 Conn. 704, and *Avery* v. *Studley*, 74 Conn. 272, must govern this case.

It would seem from the application that the commissioner, having found that the appellant had without reason or excuse disobeyed orders directing him to assist in the execution of a search-warrant, removed him from office because he had refused to obey lawful orders and to perform his duty as a policeman, so that the requirements of the public service demanded his removal; that, before such removal the commissioner had notified the appellant of the charges against him and had appointed a time for their investigation, at which time the appellant appeared and was heard ; that

the order of removal complied with the requirements of the charter and was duly served upon the appellant. The only facts stated in the application as ground for relief are contained in an allegation that the appellant is entirely innocent of the charges upon which he was tried and found guilty by the commissioner, and the further allegation that if the appellant had been guilty of these charges his removal from office for such cause is not warranted by the charter or by any principle of law or justice.

The allegation that the commissioner was mistaken in his conclusion of fact upon the hearing he gave the appellant, is immaterial and irrelevant, certainly in the absence of any charge of fraud or corruption in the removal. *State ex rel. Williams* v. *Kennelly*, 75 Conn. 704, 708. It is unquestionable that a removal for the cause assigned in the order is not one made unlawful by the charter or any principle of law or justice. *Judge Gager* properly sustained the demurrer to the appeal.

There is no error.

In this opinion the other judges concurred.