JEREMIAH J. SULLIVAN *vs.* JAMES B. MARTIN, MAYOR.

Third Judicial District, Bridgeport, October Term, 1908.
BALDWIN, C. J., HALL, PRENTICE, THAYER and GAGER, Js.

The charter of the city of New Haven (13 Special Laws, pp. 395, 451, §§ 12, 213) gives the mayor power to remove from office any person appointed by him or by any of his predecessors, whenever he shall find, after a full hearing, that "such officer is incompetent or unfaithful, or that the requirements of the public service demand his removal." *Held* that these sections provided a mode for exercising a power of removal incident to executive appointment, rather than one of a quasi-judicial nature to hear and determine official offenses punishable by forfeiture of office.

Sullivan *v.* Martin.

In the present case the plaintiff, a police commissioner, was removed because he had peddled and offered ballots to voters within the prohibited distance of the polling-place, in the presence of a policeman. *Held* that this conduct of the commissioner, in violation of his official duty, tended to demoralize the efficiency of the police department and its officers, and indicated his incompetency and unfaithfulness; and that in removing him for such cause the mayor acted within the jurisdiction conferred upon him by the charter.

Whether the plaintiff might not have been removed from office by the Superior Court upon proceedings instituted by twenty or more freeholders under the provisions of §§ 139–144 of the charter, *quœre.*

The hearing by the mayor is in no legal sense a trial, although it affords an opportunity to the officer whose removal is contemplated to challenge the sufficiency of the causes assigned therefor. Nor is there any constitutional guaranty that such a hearing shall be had before a jury or other impartial judicial tribunal.

The question whether the mayor acted arbitrarily and unjustly in removing the officer is one of fact, and, if open to the officer in the Superior Court, is disposed of by a finding that he was accorded a full, fair and impartial hearing.

An appeal to the Superior Court in such a proceeding does not call for a rehearing of the facts. Its purpose is to determine whether any essential formality required by the charter has been omitted, and whether the mayor has acted so arbitrarily as to defeat the real object of the law in modifying an absolute discretion respecting removals.

Questions of fact determined by the mayor cannot be retried in the Superior Court on appeal.

Where a removal is based upon proper cause it is immaterial that it was inspired by personal or political motives.

Argued November 10th, 1908—decided January 27th, 1909.

COMPLAINT in the nature of an appeal from an order removing the plaintiff from the office of police commissioner of the city of New Haven, brought to and tried by the Superior Court in New Haven County, *Reed, J.;* facts found and judgment rendered affirming the order of the defendant, and appeal by the plaintiff. *No error.*

*Richard H. Tyner* and *Howard C. Webb,* for the appellant (plaintiff).

*Edward H. Rogers* and *Edward P. O'Meara,* for the appellee (defendant).

THAYER, J. New Haven has a "department of police service" which is under the management and control of a board of six police commissioners who are appointed by the mayor. The city charter, §§ 12 and 213, gives the mayor power to remove from office any person appointed by him or by any of his predecessors, "if, after a full hearing, he shall find that such officer is incompetent or unfaithful, or that the requirements of the public service demand his removal." 13 Special Laws, pp. 395, 451. The defendant, as mayor of the city, having first duly summoned the plaintiff to show cause why he should not be removed, after a full hearing removed him from the office of police commissioner, upon the grounds that he was incompetent and unfaithful, and that the requirements of the public service demanded his removal, basing this finding upon the fact that the plaintiff, while commissioner, in the presence of a certain policeman, at an election held within the city, had peddled and offered ballots to voters within seventy-five feet of the polling-place, thus violating the statutes of the State (General Statutes, § 1653), and had thus demoralized the efficiency of the police department and its officers and hindered the latter in the performance of their duties.

The plaintiff in the Superior Court, to which he appealed from the order of the mayor, and in this court, to which he has appealed from the judgment of the Superior Court, has assumed that the cause of his removal was his offense against the laws of the State, and has insisted that the mayor had no jurisdiction to find him guilty of such an offense, and that, if he had such jurisdiction, he was acting in a judicial or quasi-judicial capacity while conducting the hearing, and committed errors therein which rendered his finding and order illegal.

In *Avery* v. *Studley,* 74 Conn. 272, 282, 50 Atl. 752, we held that §§ 12 and 213 of the New Haven charter provide a mode for exercising a power of removal incident to executive appointment, rather than one of a quasi-judicial nature to hear and determine official offenses punishable by forfeiture of office. The plaintiff's fundamental error is in his assumption that the mayor, in the present case, was attempting to exercise the latter and not the former power. He assumes this, probably, because his conduct, as established by the evidence, was such as to render him liable to punishment under the statutes of the State, and perhaps to forfeiture of office in a proceeding under §§ 139 and 140 of the charter. But his conduct on that occasion was proven to show his incompetency and unfaithfulness in the office of commissioner, and not for the purpose of establishing a crime or his liability to a forfeiture of his office under §§ 139 and 140. It appears from the finding and the charter and ordinances therein referred to, that it is the duty of the department of police service to preserve the peace, good order and security of the city. The board of police commissioners designate the officers and policemen of the department, make all promotions of officers and members of the force, and have the ultimate power of suspending, removing or reducing them in rank. They fix the pay of all members of the department except the superintendent. It is the duty of the individual members of the board to inform themselves of the fidelity and efficiency of every member of the force, and to report to the board in session any information which they may receive regarding the conduct of any officer, and to encourage and sustain every police officer in the faithful discharge of his duty. The board has the designation and selection of every polling-place at all elections. It is the duty of the chief of the department to make and enforce rules to preserve the peace, enforce good order, and prevent persons who are not voting or waiting their turn to vote, or engaged in conducting the election,

from congregating within one hundred feet of the polling-place. The department of police service and its police officers are thus under the control of and are subservient to the board of police commissioners. It being thus the individual duty of the plaintiff to inform himself of the efficiency of every member of the force, and to encourage and sustain every police officer in the faithful performance of his duty, he failed in that duty, and his conduct at the voting place, in the face of one of his subordinates stationed there to preserve the peace and good order and prevent those who had no lawful occasion to be there from congregating within the prohibited space about the polls, tended directly to demoralize the efficiency of the police department and its officers, instead of encouraging them in the performance of their duty, and was a violation of his duty as a police commissioner, and indicated his incompetency and unfaithfulness in his office, and that the requirements of the public service might demand his removal. The case, therefore, comes clearly within the provisions of §§ 12 and 213, and the mayor was acting within his jurisdiction, unless, as the plaintiff claims, there is something in the provisions of § 139 of the charter which in some way curtails that jurisdiction.

It may be, but it is not necessary here to decide the point, that the plaintiff, on proof of the facts which were proven to the satisfaction of the mayor in this case, would be liable to a forfeiture of his office in a proceeding under §§ 139 and 140 of the charter. A proceeding under those sections is to be instituted by not less than twenty freeholders of the city, by a complaint to the Superior Court, and if successful may result not only in the forfeiture of his office by the person proceeded against, but a judgment disqualifying him from holding any city office for the period of five years. Some of the grounds for the proceeding are such as, if proved in a proceeding under § 12 before the mayor, would warrant him in finding the officer charged in-

competent and unfit for his office. But § 143 provides that
nothing contained in the four preceding sections shall be
construed to limit or change any of the powers or duties
concerning the removal of officers and employees from
office, as defined in other provisions of the charter. Quite
likely it was intended, by §§ 139 to 142, that should the
mayor refuse, upon proper request, to remove an incom-
petent and unfaithful appointee, such removal might be
effected by a proceeding, less summary but more far-
reaching, in the Superior Court upon the complaint of the
freeholders of the city. But the mayor may in a proper case,
as incident to the power of appointment, proceed to remove
such an appointee for the causes named in §12 and repeated
in § 213, although for similiar causes he could be removed
from the office by proceedings under the provisions of §§ 139
and 140. This is what he did; and under the decision in
*Avery* v. *Studley,* 74 Conn. 272, 50 Atl. 752, he had juris-
diction to do so, and was not acting in a judicial or quasi-
judicial capacity in doing it.

Several of the plaintiff's reasons of appeal assign the
unconstitutionality of § 213 of the city charter, in that it
does not provide an impartial judicial tribunal for the trial
of the charges. The hearing before the mayor in such a
proceeding is not a trial. It is a hearing given in the
appointee's interest, to enable him to be heard as to the
sufficiency of the causes given for his contemplated removal.
The limitation placed by the charter upon the executive
power of removal as incident to the power of appointment
is satisfied, " when the mayor has stated to the officer the
cause which induces him to contemplate his removal,
being a proper and sufficient cause," and "has given him
an opportunity to be heard in relation thereto, and assigns
this cause in making the removal." *State ex rel. Williams*
v. *Kennelly,* 75 Conn. 704, 707, 708, 55 Atl. 555; *Pierce's
Appeal,* 78 Conn. 666, 669, 63 Atl. 161; *Avery* v. *Studley,*
74 Conn. 272, 50 Atl. 752. There is no constitutional

· guaranty that such a hearing shall be had before an impartial jury or other impartial judicial tribunal.

The question whether the mayor acted unfairly, unjustly, and arbitrarily, which is attempted to be raised by several of the reasons of appeal, is a question of fact, and, if open to the plaintiff in the Superior Court, has been answered by the court's finding that the plaintiff was given a full, fair and impartial hearing.

The proceeding before the mayor not being a trial, but merely a hearing precedent to his executive action relative to the plaintiff's removal, the appeal therefrom to the Superior Court did not transfer the proceeding to that court for a rehearing of the facts. The purpose ' of the appeal is to provide a summary process by which the court may revoke the order of removal in case any essential formality has been omitted, or, perhaps, in case it finds that the executive power has been exercised so arbitrarily as to defeat the real purpose of the law in modifying an absolute discretion in removal. *Avery ·v. Studley*, 74 Conn. 272, 283, 50 Atl. 752; *Pierce's Appeal*, 78 Conn. 666, 669, 63 Atl. 161.

Numerous exceptions were taken to the court's exclusion of evidence offered by the plaintiff to prove the nonexistence of the cause assigned for his removal by the mayor, and to prove that the defendant was actuated by political reasons in making the removal. So far as the evidence was offered for the purpose of retrying questions of fact which had been determined by the mayor, it was properly rejected, because the decision of these questions by him was final. *Avery* v. *Studley*, 74 Conn. 272, 50 Atl. 752. The evidence to prove political motive was also immaterial. *State ex rel. Williams* v. *Kennelly*, 75 Conn. 704, 709, 55 Atl. 555.

There is no error.

In this opinion the other judges concurred.