MILES McNIFF *vs.* THE CITY OF WATERBURY.

Third Judicial District, New Haven, January Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

A municipal board, in hearing and passing upon charges brought against a member of the police department, does not sit as a court, and its proceedings are not to be controlled by the same degree of formality that would be required on a charge of a criminal offense.

A charge against a policeman of failing to account for funds collected by him for a certain benevolent society, is sufficiently specific to apprise him of the nature of the accusation he is called upon to answer before such a board.

A city charter which confers on a municipal board the power of removal for cause, excludes the idea of a removal at the mere whim or caprice of the board, although the sufficiency of the cause is for the board to decide.

Whether the cause assigned constitutes of itself a valid ground of removal, is a question of law reviewable by this court on appeal.

Misappropriation of funds collected by a policeman, if proven, is ample justification for his removal from the police force.

Conclusions of fact which do not violate any rule of law to the prejudice of the appellant cannot be reviewed by this court on appeal.

Argued January 20th—decided April 14th, 1909.

APPEAL from a judgment of the Superior Court in New Haven County, *Ralph Wheeler, J.*, confirming the action of a municipal board of the defendant city in dismissing the plaintiff from its police department. *No error.*

*Jeremiah J. Desmond* and *John O'Neill*, for the appellant (plaintiff).

*Charles G. Root*, for the appellee (defendant).

RORABACK, J. The plaintiff was an officer of the police department of the city of Waterbury, and a member of the veteran reserve force, connected therewith. He was dismissed by the board of commissioners of public safety of the city, after the preferment of charges and a hearing thereon, of which he had notice and at which he was present. He appealed from the order of dismissal to the Superior Court.

The appellant, upon the trial of the case in the Superior Court, claimed that the charges upon which he was tried and dismissed by the board were not specific enough to apprise him of the offense which he was called upon to answer; that the action of this board was arbitrary, because it refused to allow him to have counsel; also that he was dismissed for an offense with which he was not charged, and of which he had no opportunity to be heard. Upon appeal the Superior Court overruled these claims and affirmed the action of the board.

The power and jurisdiction of the board of commis-

sioners of public safety in relation to the appointment, removal and government of the police department of Waterbury, are defined by its charter, which, among other things, provides that this board shall have the sole power of appointment and removal of officers and members of the police department; and that it shall be the duty of the board to choose by ballot and appoint suitable persons to be officers and members of the police department. It also provides that the officers and members of the police department shall hold their office and membership until dismissed by the board of commissioners of public safety for cause, of which this board shall be the sole judge; provided, however, that no officer or member shall be dismissed on account of his political beliefs. 12 Special Laws, pp. 462, 463, §§ 102, 104.

At a meeting of the board of commissioners of public safety of Waterbury, held October 25th, 1905, the following vote was passed, to wit: "Voted, that Veteran Reserve Officer Miles McNiff, together with such witnesses in his behalf as he may desire to introduce, be and they are hereby notified to appear before this board at 4 o'clock, p. m., November 1, 1905, in the mayor's office, City Hall building, then and there to answer to the charge of conduct unbecoming an officer of the police department, to wit: Collecting funds for the Catholic Benevolent Legion, Waterbury Council, No. 309, and failing to account for and turn over such funds to the proper custodian thereof."

Misappropriation of money, in effect, was the offense the officer was called upon to answer, and the charge was specific enough for him to understand.

As the board of commissioners of public safety does not constitute a court, its proceedings are not to be controlled or decided by the same degree of formality that would be required upon a charge of a criminal offense. *Sullivan* v. *Martin*, 81 Conn. 585, 71 Atl. 783; *People ex rel. Flanagan* v. *Board of Police Commissioners*, 93 N. Y. 97, 103.

While the express limitation placed by the charter upon the power of removal is satisfied when that power is not exercised on account of political beliefs, yet the charter should not be interpreted as giving the board power to dismiss an officer at its own mere caprice. Removal for a cause repels the idea of removal at pleasure, although the sufficiency of the cause is for the board to decide. Cause implies a reasonable ground of removal, and not a frivolous or incompetent ground of removal. Whether the cause assigned constitutes, of itself, as matter of law, ground for removal, is a question for this court to determine. *Ayers* v. *Hatch*, 175 Mass. 489, 492, 56 N. E. 612.

Collecting funds and failing to account therefor, as charged in the present case, was a serious matter and conduct unbecoming an officer of a police department. The board of commissioners, in the discharge of its public duties, had no right to retain a man whose dishonesty had been demonstrated. This policeman under charges was not for the purposes of the case to be regarded as a criminal, but a public servant whose fitness for the discharge of his duties could be questioned at any time in the interest of the public.

The board of commissioners in the exercise of its duties was vested with a discretionary power which authorized it, within certain limitations, to take action without confining its proceedings to strict technical rules. Considering the action of the. board of commissioners in the light of the special power conferred upon it, and the purpose for which its organization was intended, the charge made against McNiff was sufficient to answer the purpose intended, and within the requirements of law under which the proceeding was conducted. *Sullivan* v. *Martin*, 81 Conn. 585, 71 Atl. 783.

It appears that notice of these charges, and of the time and place of the hearing, was given McNiff at least four days before investigation. He appeared before the com-

missioners and evidence was then taken, when the charges were found to be sustained by the evidence, and an order was made dismissing him from the police force for the offense with which he was charged.

The plaintiff by appeal submitted his claims to the Superior Court. This court has found that the alleged charges of arbitrary conduct by the board of commissioners are untrue; that the plaintiff was given a full opportunity to be heard, and was properly dismissed by the following preamble and vote: "Whereas, Veteran Reserve Officer Miles McNiff, having been duly notified and fully heard, on the charge of collecting and misappropriating funds of the Catholic Benevolent Legion, Waterbury Council, No. 309, such charge being sustained by evidence; in the opinion of this board said officer is guilty of conduct unbecoming an officer of the Waterbury police department, therefore, Voted, That Veteran Reserve Officer Miles McNiff, be and he is hereby dismissed from the Veteran Reserve Force of the Waterbury police department and from the Waterbury police department."

To hold that these conclusions of fact, which do not violate any rule of law to the prejudice of the plaintiff, can be reviewed by us, would be in conflict with all the previous adjudications of this court in cases of this character. *Sullivan* v. *Martin*, 81 Conn. 585, 71 Atl. 783.

There is no error.

In this opinion the other judges concurred.