In the Matter of the Application of GEORGE SKINKLE, Respondent, for a Peremptory Mandamus Order against ROBERT J. MURRAY, General Manager and Commissioner of Public Safety of the City of Watervliet, and Another, Appellants.*

Third Department, July 1, 1927.

Municipal corporations — police commissioner of city of Watervliet suspended petitioner without pay pending hearing of charges — Watervliet City Charter, § 143, and rule 34 thereunder, do not authorize suspension of pay.

The police commissioner under the direction of the commissioner of public safety of the city of Watervliet did not have the power, under section 143 of the Watervliet City Charter and rule 34 enacted thereunder, to suspend the petitioner, a patrolman, without pay, pending the hearing of charges preferred against him. The petitioner is entitled to receive his compensation during the period of suspension from active duty prior to the hearing of the charges.

APPEAL by Robert J. Murray and another from a peremptory mandamus order of the Supreme Court, granted at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 4th day of April, 1927, directing them to certify to the director of finance of the city of Watervliet the salary of George Skinkle as patrolman in the police department of the city from the date his pay was suspended.

Section 143 of the city charter provides:

" Rules, orders and regulations. The commissioner of public safety shall make, adopt, and enforce such reasonable rules, orders and regulations, not inconsistent with law, as may be reasonably necessary to effect a prompt and efficient exercise of all the powers

* See, also, 130 Misc. 8.

conferred and the performance of all duties imposed by law upon him or the departments under his jurisdiction. He is authorized and empowered to make, adopt, promulgate and enforce reasonable rules, orders and regulations for the government, discipline, administration and disposition of the officers and members of the police and fire departments, and for the hearing, examination, investigation, trial and determination of charges made or preferred against any officer or member of said departments for neglect of official duty or incompetency or incapacity to perform his official duties or some delinquency seriously affecting his general character or fitness for the office, and may, in his discretion, punish any such officer or member found guilty thereof by reprimand, forfeiting and withholding pay for a specified time, or by suspension during a fixed period or dismissal from office, but no officer or member of said departments shall be removed or otherwise punished for any other cause, nor until specific charges in writing have been preferred against and served upon him, and he shall have been found guilty thereof, after reasonable notice and upon due trial before said commissioner in the form and manner prescribed by law and the rules and regulations of the department."

Rule 34 reads as follows:

" Suspension, Pending Charges. For any neglect of duty, the chief of police may suspend from duty any subordinate acting immediately under him, until such suspension can be reported to the commissioner of public safety, with the cause thereof and the facts in the case. After suspension has been determined upon as aforesaid, it shall continue until the commissioner of public safety takes action upon the charge pending against such member. But whenever a charge of intoxication while on duty, absence from duty without leave or disobedience to a superior officer is preferred, suspension from duty shall be ordered immediately by the chief of police, to or by whom any such charge may be preferred."

*Joseph D. Foley* [*Neile F. Towner* of counsel], for the appellants.

*Tobin, Wiswall, Walton & Wood* [*Kenneth S. MacAffer* of counsel], for the respondent.

Van Kirk, J. On February 6, 1927, George Skinkle, the petitioner for the mandamus order and a member of the police force of the city of Watervliet, was directed to investigate a complaint against James Quinn. Skinkle had no warrant for the arrest of Quinn. It is charged that he brutally assaulted Quinn and wounded his head with a " billy; " that he took Quinn to a doctor's office, where his wounds were cared for, and then to the police station where he was held under arrest until February ninth, when he

was discharged.   Quinn died in the Troy Hospital February fifteenth from septicæmia which resulted from the infected wounds.   These facts coming to the knowledge of the commissioner of public safety and the chief of police, the chief on February 18, 1927, under the direction of the commissioner, suspended Skinkle without pay from all duties in the police department pending investigation of his conduct in connection with the arrest of Quinn.   On the eighth day of March following charges were preferred against Skinkle.   These charges in substance were that Skinkle had been guilty of conduct unbecoming an officer, seriously affecting his general character and fitness for the office of patrolman.   The charges had not been tried when on March 23, 1927, the petition for the mandamus order was verified and an order to show cause why mandamus should not issue was made.   The court at Special Term, in granting the mandamus order, held that while power to suspend the officer from his duties pending the trial of the charges was authorized, the pay of the officer in the meanwhile could not be withheld. The withholding of the pay presents the one question on this appeal.

Section 143 of the city charter and rule 34, quoted in the preliminary statement, define and limit the authority of the commissioner and the chief of police in the control and discipline of the force.   Under section 143 the commissioner may impose punishment for conduct unbecoming a police officer and as punishment he may withhold pay for a specific time, but he can impose such punishment only after charges against the officer have been preferred and he has been tried and found guilty.   There is not in this section authority for the order withholding Skinkle's pay. This section also empowers the commissioner of public safety to make such rules and orders not inconsistent with law as may be reasonably necessary for the discipline of, and to effect the prompt and efficient performance of duties on the part of members of the police force and to enforce such rules and orders.   Such rules have been made and among them is rule 34.   This rule is the only regulation which applies to " suspension, pending charges " and it covers this case.   By its terms the chief of police is authorized to suspend from duty any patrolman until the commissioner takes action upon the charges pending against the officer suspended. The chief is not authorized, however, to withhold his pay pending trial of the charges.   This we cannot think an oversight because the authority to withhold pay of an officer as a punishment after conviction is given in the charter.   Had it been intended to confer authority to withhold pay pending charges we think it would have been so expressed in the rule or the charter and thus we

cannot think that the authority to withhold pay may be implied from the authority to suspend from duties.

We recognize that it is important to uphold the authority of the heads of police departments and that the courts should not interfere, unless necessary, with the regulations and orders of those departments made for the purpose of maintaining discipline. (*Matter of Cruise* v. *Commission of Public Safety*, 204 App. Div. 678; *People ex rel. Masterson* v. *French*, 110 N. Y. 494.) But those having authority to discipline and control in a police department must act reasonably within the authority granted them. When a rule of the department has been adopted which applies specifically to suspensions pending charges we think the terms of the rule limit the authority. The oral direction of the commissioner of public safety should not in this case be considered as an order which enlarged the scope of the formal rule. When a policeman is suspended from duty the public is protected against any further aggression or wrongful act on his part. If the charges against him are serious he of course should not be permitted to have authority as policeman; but he is probably living upon his salary; the trial of the charges against him may be long delayed and he may be innocent. If innocent, although his pay has been withheld, he it is true could collect it. But also, if innocent, while his pay is being withheld it may be that he and his family would unjustly suffer. It does not seem essential to discipline in the department that the pay of a policeman should be withheld during his suspension from duty; or, if essential, the charter or the rule should so provide.

The order should be affirmed, with costs and disbursements.

COCHRANE, P. J., HINMAN, MCCANN and DAVIS, JJ., concur.

Order affirmed, with costs.