ALFRED RILEY *v.* BOARD OF POLICE COMMISSIONERS
OF THE CITY OF NORWALK
(two cases)

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued November 4, 1959—decided January 8, 1960

*Sidney Vogel,* with whom was *Robert B. Seidman,* for the appellant (plaintiff) in each case.

*Stephen Tate,* with whom, on the brief, was *Dale Van Winkle,* for the appellee (defendant) in each case.

SHEA, J. In the first case, the plaintiff has appealed from a judgment of the Court of Common Pleas sustaining the action of the defendant in dismissing him from the Norwalk police department. In the second case, the plaintiff seeks an injunction ordering the defendant to reinstate him as a sergeant in the police department as of January 18, 1956, the date he was demoted to the rank of top-grade patrolman. He also seeks damages for the loss in pay resulting from his demotion. On a previous occasion the plaintiff appealed to the Superior Court from the order of demotion, but his appeal was dismissed for lack of jurisdiction. Upon ap-

peal to this court, the action of the Superior Court was affirmed. *Riley* v. *Board of Police Commissioners,* 145 Conn. 1, 137 A.2d 759. Thereafter, he brought the present action in equity, and from a judgment for the defendant he has appealed. His right to seek relief in the form requested in the second case has not been challenged, and we shall treat the case as it was treated in the trial court. *Anselmo* v. *Cox,* 135 Conn. 78, 79, 60 A.2d 767; *New Haven Trolley & Bus Employees Credit Union* v. *Hill,* 145 Conn. 332, 335, 142 A.2d 730.

In August, 1955, the plaintiff held the rank of sergeant in the police department. He was then forty years old, married and living with his wife. During the summer of 1955 he was often seen in the company of a sixteen-year-old girl who was living with her parents. When the parents became aware of the association, they reported the plaintiff's conduct to officials of the police department. In compliance with a written direction from the chief of police, the plaintiff appeared before the defendant board on August 11, 1955, to discuss his relationship with the girl. On the following day, the board, by written order, directed the plaintiff to refrain from seeing, talking to, or associating with the girl, and warned him that failure to heed the order would be considered insubordination. During the month of September, the plaintiff, in talking with the parents of the girl, admitted that he had been seeing her for about eight months and that he was in love with her and desired to obtain a divorce from his wife. He promised, however, that he would not see the girl again until after he had obtained the divorce. A short time after this meeting, the girl moved out of her parents' home. In October, she and the plaintiff were seen together on different occasions. At

one time, they were seen kissing and embracing in the plaintiff's car.

On January 3, 1956, the plaintiff, with his attorney, appeared at a hearing before the board to answer charges which included insubordination. Evidence was offered to show that he had failed to obey the board's order of August 12, 1955, and he was found guilty of insubordination. On January 18, 1956, the board notified the plaintiff of its findings in writing and demoted him from sergeant to top-grade patrolman effective that day. On July 16, 1958, after again hearing charges against the plaintiff, the board found upon evidence presented before it that he had continued his association with the girl and that he had been seen in her company at various times by different people. The board found him guilty of insubordination by reason of his failure to obey the order of August 12, 1955, and further decided that he was guilty of conduct unbecoming a police officer, that his conduct was detrimental to the effectiveness of the department because of its reflection on the standards of the department and its officers, and that his conduct impaired the standards of discipline essential to the maintenance of a well-ordered and effective police force. The plaintiff was dismissed from the department.

The Norwalk police board was established in 1935 by special law. 22 Spec. Laws 291, No. 455. After providing that the board should have control, management and supervision of the policemen of the city, the law (§ 1) empowered the board "to appoint, remove, suspend, discipline and punish . . . all officers and members . . . of [the] police department, and . . . to make rules and regulations as it may deem necessary . . . for the regulation and govern-

ment of said department." The law (§ 2) also provided that the board should not remove, expel or reduce in rank any officer or member of the department except for cause found after hearing. The board as constituted is an administrative agency. *Wilson* v. *West Haven,* 142 Conn. 646, 653, 116 A.2d 420.

The question to be determined is whether the board acted arbitrarily or illegally or so unreasonably as to abuse its discretion. *Sullivan* v. *Martin,* 81 Conn. 585, 591, 71 A. 783; *Chouinard* v. *Zoning Commission,* 139 Conn. 728, 731, 97 A.2d 562. The burden was on the plaintiff to show that the board acted improperly. *Longo* v. *Board of Zoning Appeals,* 143 Conn. 395, 399, 122 A.2d 784. A board which has authority to enact regulatory measures is vested with a large measure of discretion, and the burden of showing arbitrary action rests upon the one who asserts it. *Mallory* v. *West Hartford,* 138 Conn. 497, 505, 86 A.2d 668; *Pierce's Appeal,* 78 Conn. 666, 669, 63 A. 161.

The plaintiff contends that the order issued by the board on August 12, 1955, was illegal and void because the conduct prohibited was not reasonably related to the powers vested in the board and therefore that he could not be guilty of insubordination because of refusal to obey the order. He also claims that the evidence presented before the board at the hearing of July 9, 1958, was insufficient to justify his discharge from the department.

While the language of the order of August 12, 1955, is rather broad and general in its terms, the direction to refrain from associating with the young girl was clear and comprehensible. "To associate with" means to keep company with, to unite in company. Webster, New International Dictionary

(2d Ed.). In view of the fact that the order was made after the plaintiff's association with the girl had been the subject of discussion between him and the board, the intent and the purport of the order were expressed in clear terms. It required him to refrain from keeping company with the girl. Moreover, he was warned that failure to heed the order would be considered insubordination. That he was fully aware of the nature and import of the order was established by the evidence presented at the hearing in January, 1956.

The board had power to remove the plaintiff or reduce his rank for cause found after hearing. "Cause" implies a reasonable ground of demotion or removal as distinguished from a frivolous or incompetent ground. *McNiff* v. *Waterbury,* 82 Conn. 43, 46, 72 A. 572. While the sufficiency of the cause is for the board to decide, the question whether the cause assigned constitutes, of itself, a ground for discipline or removal is a question for the court. Ibid.

Under the law, the board has power to make such rules and regulations as it deems necessary for the proper regulation and government of the department. A wide discretion must be lodged in the board in determining what conduct on the part of members of the force is injurious to the efficiency of the department. 16 McQuillin, Municipal Corporations (3d Ed.) § 45.09. It is of course conceded that there must be some rational connection between the act which the board compels a police officer to refrain from doing and his service as a police officer. The rule-making power of the board may not be exercised arbitrarily. The rule is, however, firmly established that what is necessary for the proper regulation of the department is a matter for the

determination of the board. So long as the regulation concerns the government and discipline of the department and is reasonable, it must be held to be valid. *Perez* v. *Board of Police Commissioners,* 78 Cal. App. 2d 638, 643, 178 P.2d 537. Courts should not interfere with the regulations and orders of police departments when they are made for the purpose of maintaining discipline, provided those having authority exercise control and discipline reasonably and within the authority granted. *Matter of Skinkle* v. *Murray,* 221 App. Div. 301, 304, 223 N.Y.S. 146; *Matter of Cruise* v. *Commission of Public Safety,* 204 App. Div. 678, 680, 198 N.Y.S. 635.

When the plaintiff appeared at the hearing before the board in January, 1956, he did so as a public servant whose fitness for the proper discharge of his duties was under inquiry. He was not charged with the commission of a criminal offense. He was represented by counsel who had obtained a continuance in order to obtain full particulars of the charges. There can be no doubt that the plaintiff fully understood the nature and extent of the charges against him. The evidence presented fully warranted the board's action in demoting him from the rank of sergeant to patrolman.

Among the regulations adopted by the board is a provision that "[a]ny violation or noncompliance with these rules and regulations, or any misconduct prejudicial to good order and repute of the department, or any disobedience of orders, whether committed on or off-duty, . . . shall be cause for disciplinary action . . . ." Norwalk Police Dept. Manual § 16 (30) (1950). The police department is charged with the preservation of public order, and when the plaintiff was appointed to it he subjected himself to reasonable rules and regulations as pro-

mulgated by proper authority. It was essential to the effective operation of the police force that proper discipline be maintained in it. Despite the order and warning given to the plaintiff in August, 1955, and notwithstanding his demotion in January, 1956, the plaintiff continued his association with the girl. He was seen with her on a number of occasions by different people, and from his conduct it became apparent that he intended to disregard the order of the board. When he appeared before the board to answer charges in July, 1958, he offered no excuse or explanation for his conduct. He had shown an utter disrespect for the order and took the position that he was not subject to it. An order such as that issued to him falls squarely within the power of the board for the proper regulation and government of the department. When the plaintiff persistently refused to obey the order, the board was warranted in finding that his conduct constituted sufficient cause for dismissal. *Harwell v. Mansfield*, 9 Ga. App. 479, 71 S.E. 764; *McNiff v. Waterbury*, 82 Conn. 43, 46, 72 A. 572. The board acted not only within its authority but with a due regard for the plaintiff's rights.

There is no error in either case.

In this opinion the other judges concurred.