RICHARD E. WILBER ET AL. *v.* TIMOTHY J. WALSH, JR., ET AL., BOARD OF POLICE COMMISSIONERS OF THE CITY OF SHELTON

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued March 3—decided May 10, 1960

*Bronislaw Winnick,* with whom was *Harry T. Pryplesh,* for the appellants (plaintiffs).

*George J. Finn,* for the appellees (defendants).

MELLITZ, J. The ordinances of the city of Shelton provide that an applicant for appointment to the police department must have been a resident of the city for a term of five years next prior to his application for appointment and that any person who shall be appointed to any position in the police department by any false representation shall be dismissed therefrom. Shelton Ordinances, c. 12, §§ 11, 12 (1944). The plaintiffs, Richard E. Wilber and Richard A. Moore, were supernumerary police officers, Moore having first been appointed in June, 1957, and

Wilber in May, 1958. Thereafter, they resigned; they were reappointed on November 15, 1958. On February 2, 1959, following the appointment of a new board of police commissioners, the plaintiffs were notified that they were suspended because they had failed, at the time of their original appointments, to meet the residency requirements, and for "other reasons." They appealed to a judge of the Court of Common Pleas under § 20 of the Shelton charter; 28 Spec. Laws 892, No. 676; from a judgment dismissing their appeal they have appealed to this court.

The provision of the charter under which the plaintiffs appealed is similar to that involved and construed in *Pierce's Appeal,* 78 Conn. 666, 668, 63 A. 161. It is designed to permit the judge summarily to set aside an order of suspension or removal if any essential formality has been omitted or the order was the result of arbitrary action or an abuse of discretion on the part of the police board. Id., 669; *Sullivan* v. *Martin,* 81 Conn. 585, 591, 71 A. 783; *Avery* v. *Studley,* 74 Conn. 272, 284, 50 A. 752.

Under § 20 of the Shelton charter, the police board is given the power to appoint the members of the police department, and to suspend, remove or expel any member from the department for cause. "Cause" implies a reasonable ground as distinguished from a frivolous one. It negates the idea of suspension at pleasure. If the cause assigned is a reasonable one, then the question whether there is a sufficient basis for the suspension is for the board to decide; whether the assigned cause, of itself, constitutes a proper ground is for the judge to determine. *Riley* v. *Board of Police Commissioners,* 147 Conn. 113, 118, 157 A.2d 590; *McNiff* v. *Waterbury,* 82 Conn. 43, 46, 72 A. 572. The notice given to the

plaintiffs stated that they were suspended because they had failed to meet the residency requirements, and for "other reasons." The parties treated this statement as a charge (a) that the plaintiffs had misrepresented the period of their residency in Shelton and (b) had submitted untruthful information, under oath, in the applications for their original appointments. If either of these charges was true, the plaintiffs were liable to dismissal from the department. In any employment, an employer is entitled to expect of his employees the qualities of truthfulness, honesty and integrity. *Stanulus* v. *Budd,* 1 Ill. App. 2d 334, 337, 117 N.E.2d 655. In the case of police officers of a municipality, these qualities are particularly essential. There can be no question as to the propriety or reasonableness, as a ground of suspension, of either cause assigned by the board for the action taken against the plaintiffs.

The principal contention of the plaintiffs is that, since they were found qualified for appointment when they were originally named, the question whether they met the residency requirements could not be re-examined, and that any defect which may have permeated their original appointments could not legally be made the basis of their suspension from offices held under subsequent appointments. The issue before the board was whether the conduct of the plaintiffs legally warranted their suspension. The burden was on the plaintiffs to show that the board acted arbitrarily, illegally, or so unreasonably as to have abused its discretion. *Riley* v. *Board of Police Commissioners,* 147 Conn. 113, 117, 157 A.2d 590. It is not claimed that the issue here involved was at any previous time presented to the board for action. We are not concerned, therefore, with the question whether the plaintiffs could legally

be suspended upon a ground previously found insufficient by the board, after a hearing, as a cause for suspension. See *Avery* v. *Studley,* supra, 285; *Sinkevich* v. *Nashua Police Commission,* 97 N.H. 262, 265, 86 A.2d 562. The finding of the judge, which is not subject to correction, fully supports his conclusion that the original appointments of the plaintiffs were made although they had not met the residency requirement. There is no finding that this fact was known to the board at the time the appointments were made or at the time the plaintiffs were reappointed. It was competent for the board to overrule a prior decision taken on the basis of information not known at the time to be untruthful. *Bolton* v. *Tully,* 114 Conn. 290, 296, 158 A. 805. The judge was amply warranted in approving the action of the board and in concluding that it had not acted illegally or arbitrarily.

There is no error.

In this opinion the other judges concurred.