LESTER F. BARTLETT *v.* CITY OF ROCKVILLE ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued February 5—decided April 2, 1963

*Harry Hammer,* with whom was *David M. Barry,* for the appellant (plaintiff).

*Leo Parskey,* for the appellees (defendants).

MURPHY, J. The plaintiff, a police sergeant employed by the defendant city of Rockville, was suspended from office by the common council of the city for a period of thirty days starting June 3, 1961, after notice and hearing on charges of incompetency. Subsequently, the plaintiff was demoted from sergeant to patrolman by the council following a hearing, after due notice, on charges of failure to report for duty, neglect of duty and disobeying the order of his superior officer. The plaintiff brought this action to enjoin the reduction in rank and obtain his reinstatement as sergeant, and to secure a declaratory judgment as to the validity of his suspension. After a four-day trial, judgment was rendered for the defendants, and the plaintiff has appealed.

The plaintiff properly concedes, both in his complaint and in his brief, that this appeal is not an appeal from the decision of the common council, because the charter of the city of Rockville makes no provision for such an appeal. The charter was revised in 1953. 26 Spec. Laws 1300. Section 68 provides that the officers and members of the police force shall hold office and membership in the department until removed by the common council for cause, of which cause the council is the sole judge. Although the council is the legislative body in the city; Rockville Charter §§ 7, 42 (1953); 26 Spec. Laws 1302 § 7, 1313 § 42; it acts in an administrative capacity when it is considering charges made against any officer or member of the police force

under the ordinances. Rockville Ordinances § 22 (1953). In the absence of statutory authority for an appeal to the courts from administrative officers or boards, the courts are without jurisdiction to entertain such appeals. *Crouchley* v. *Pambianchi,* 149 Conn. 512, 514, 182 A.2d 11; *Young* v. *Tynan,* 148 Conn. 456, 457, 172 A.2d 190; *State* v. *Vachon,* 140 Conn. 478, 485, 101 A.2d 509; *Long* v. *Zoning Commission,* 133 Conn. 248, 252, 50 A.2d 172. Since an appeal does not lie, the plaintiff seeks to obtain a declaratory judgment as to the legality of the thirty-day suspension and to invoke the equity power of the court to restrain by injunction the action taken by the council in demoting him. Incidental claims for damages and other equitable relief were not pursued. We consider first the claim for injunctive relief.

It has long been the general rule, established by the overwhelming weight of authority in this country, that equity does not have jurisdiction to remove public officers or to restrain or relieve against proceedings for their removal. *In re Sawyer,* 124 U.S. 200, 210, 8 S. Ct. 482, 31 L. Ed. 402; *Emerson* v. *Hughes,* 117 Vt. 270, 275, 90 A.2d 910, and authorities cited at 273. The subject is treated extensively in an annotation in 34 A.L.R.2d 554, 557. Police officers of a city are public officers. *McKeithen* v. *Stamford,* 149 Conn. 619, 622, 183 A.2d 280. An officer who has been wrongfully removed has an adequate remedy at law in a mandamus action for reinstatement; *State ex rel. Pinkerman* v. *Police Commissioners,* 64 Conn. 517, 30 A. 758; or in quo warranto, as the circumstances may dictate; *State ex rel. Comstock* v. *Hempstead,* 83 Conn. 554, 556, 78 A. 442; *Duane* v. *McDonald,* 41 Conn. 517, 521; and equity therefore will not interfere. *Hinck-*

*ley* v. *Breen,* 55 Conn. 119, 121, 9 A. 31; *Moulton* v. *Logan,* 157 Ore. 406, 411, 72 P.2d 64.

The plaintiff has cited no Connecticut cases supporting his claim that he is entitled to bring an action for an injunction where the removing authority is the sole judge of the cause for removal and no appeal is provided for. The cases on which most reliance has been put are those in which there was provision in the municipal charter for an appeal to the courts. See *Avery* v. *Studley,* 74 Conn. 272, 279 n., 282, 50 A. 752; *Pierce's Appeal,* 78 Conn. 666, 668, 63 A. 161; *Sullivan* v. *Martin,* 81 Conn. 585, 587, 71 A. 783; *McNiff* v. *Waterbury,* 82 Conn. 43, 47, 72 A. 572; *Bolton* v. *Tully,* 114 Conn. 290, 293, 158 A. 805; *Daley* v. *Board of Police Commissioners,* 133 Conn. 716, 718, 54 A.2d 501; *Wilber* v. *Walsh,* 147 Conn. 317, 319, 160 A.2d 755. There are two cases in which injunctions were sought, and from them one might obtain the impression that the procedure received the stamp of approval. *Tremp* v. *Patten,* 132 Conn. 120, 42 A.2d 834; *Riley* v. *Board of Police Commissioners,* 147 Conn. 113, 157 A.2d 590. In each of these cases, in which the plaintiffs were demoted in rank in their police departments, they had attempted to take timely appeals to the Superior Court in accordance with charter provisions. A-210 Rec. & Briefs 718; *Riley* v. *Board of Police Commissioners,* supra, 114. In 1941, the Court of Common Pleas was given exclusive jurisdiction of all appeals from municipal boards. Sup. 1941, § 810f (General Statutes § 52-7). The *Tremp* action originated in 1944 and the *Riley* cause in 1955, and the appeals, though taken within the time allowed, were not to the proper court. To afford the plaintiffs the review which they would have had on appeal if it had not been for the mis-

take of counsel, the matters were permitted to be heard in equity. Those cases do not establish precedent for the plaintiff's attempt in this case.

The plaintiff does not present a case for the relief sought in his claim for a declaratory judgment. A declaratory judgment will not be rendered where the court is of the opinion that the parties should be left to seek redress by some other form of procedure. Practice Book § 277 (c). As already indicated, the plaintiff has his remedies at law either in mandamus or quo warranto, and in addition he could seek redress in an action to recover the pay lost and in that action he could test the validity of his suspension. *Redmond* v. *Matthies,* 149 Conn. 423, 424, 180 A.2d 639. Under the circumstances, the plaintiff is not entitled to a declaratory judgment.

There is no error.

In this opinion the other judges concurred.