[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKEDATED JULY 24, 1996
The plaintiff's declaratory judgment claim is essentially a claim that John A. Kubish failed to make payments toward a mortgage note, real estate taxes, maintenance and repairs, all related to a farm in which he and the plaintiff held a one-half interest each. The defendants in this action are the administratrix of John A. Kubish's estate and his heirs. The plaintiff seeks compensation from the estate for these payments by way of a claim for relief, asking for a judgment declaring that he has an equitable interest in the decedent's 50% interest in the farm, and a judgment that the defendant administratrix holds the property subject to a resulting trust for the use and benefit of the plaintiff; and a judgment directing the defendant to convey to the plaintiff the decedent's 50% interest in the farm.
A motion to strike is the proper method by which to raise the question of whether a declaratory judgment is appropriate. CT Page 5325-CCCCCEngland v. Coventry, 183 Conn. 362, 365 (1984).
"The function of a motion to strike is to test the legal sufficiency of a pleading; it admits all facts well pleaded."Napoletano v. Cigna Healthcare of Connecticut, Inc., 238 Conn. 216,232 (1996).
The court considers this case to be essentially a suit for money damages arising out of an alleged breach of contract, express or implied, and perhaps under a theory of unjust enrichment. The estate of John A. Kubish cannot be closed until this claim is resolved.
 Although "subject matter jurisdiction over actions for declaratory judgment exists despite the availability or adequacy of other remedies" a trial court should not render such a judgment where "another form of action clearly affords a speedy remedy as effective, convenient, appropriate and complete." Progressive Cas. Ins. Co. v. DiGagni, 4 Conn. App. 137, 139-140 (1985); Textron Inc. v. Wood, 167 Conn. 334, 343 (1974); Bartlett v. City of Rockville, 150 Conn. 428, 432 (1963).
Hurley Mfg. Co. v. Bankers Life Cas. Co., No. 0061986, Superior Court, Judicial District of Litchfield, June 21, 1993 (Pickett, J.).
 The purpose of a declaratory judgment action, as authorized by General Statutes § 52-29 and Practice Book § 390, is to "secure an adjudication of rights where there is a substantial uncertainty of legal relations between the parties." . . . General Statutes § 52-29 (a) requires that a declaratory judgment "declare rights and other legal relations." . . . .Similarly, Practice Book § 390 requires that the plaintiff be in danger of a loss or uncertainty "as to his rights or other jural relations," and that there be a bona fide issue in dispute or substantial uncertainty of legal relations."
Wilson v. Kelly, 224 Conn. 110, 115 (1992).
Section 390 of the Practice Book also states that
 The court will not render declaratory judgments upon the complaint of any person;
CT Page 5325-DDDDD
 (c) where the court shall be of the opinion that the parties should be left to seek redress by some other form of procedure;
The court concludes that an action for money damages, against the estate of John A. Kubish affords a speedy remedy, as effective, convenient, appropriate and complete as a declaratory judgment action, and therefore that the plaintiff should seek redress by that procedure. Sound discretion does not permit this court to allow this claim for money damages to be resolved in a declaratory judgment action.
The motion to strike is granted.
RICHARD A. WALSH J.