[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR PROTECTIVE ORDER
The City of New Haven had hired the plaintiff as its Personnel Director in February 2000 pursuant to an appointment by the Mayor in accordance with the New Haven City Charter. Immediately prior to the plaintiffs commencing employment with the City, he had signed a Release authorizing the City to contact his prior employers for references and to perform necessary background checks. The Release stated, in pertinent part: "I understand that any false answers or statements, or misrepresentations by omission, made by me on the Application or any related document may be sufficient for rejection of my Application or my immediate discharge should such falsifications or misrepresentations be discovered after I am employed."
Subsequently, based on information that the plaintiff had misrepresented certain information on his application, the Mayor held a hearing, pursuant to the charter, after which he terminated the plaintiffs employment.[1] Article V, Section 11(d) of the New Haven City Charter provides that "any such official so removed may appeal from the order of the Mayor removing him from said office to the Superior Court. Said court or judge having given such further notice as may be deemed necessary to all parties, shall forthwith hear the case and may approve or revoke the order of said Mayor and award costs at his discretion."
This action is an appeal brought pursuant to that provision of the Charter. After the pleadings had been closed, the plaintiff filed Interrogatories and Requests for Production, to which the defendant responded by filing the instant Motion for a Protective Order. The defendant contends that the appeal authorized by the Charter is a summary proceeding confined to a review of the record and that the information sought by the plaintiff, which is neither admissible nor calculated to lead to the discovery of admissible evidence, is therefore not discoverable. This court agrees.
The defendant initially based his argument on his claim that this proceeding was governed by the Uniform Administrative Procedure Act, Gen. Stats. § 4-166 and 4-189. He now concedes that the UAPA does not apply and has abandoned this line of reasoning. See Maresca v. Town ofRidgefield, 35 Conn. App. 769, 771 (1994).
The Mayor notes, however, that the removal of an official from his CT Page 9085 position in accordance with the provisions of a City Charter is still an "administrative act", and in the absence of a statute or charter provision authorizing such appeals, the courts are without jurisdiction to entertain them. Bartlett v. Rockville, 150 Conn. 428, 429-30 (1963). He argues that when such appeals are so authorized, the right of appeal given by such a Charter provision is solely for the purpose of providing a summary proceeding by which a court may revoke the order of removal in case any essential formality has been omitted, or in case the court finds that a mayor has acted so arbitrarily as to defeat the real purpose of the law in modifying an absolute discretion of removal. Avery v.Studley, 74 Conn. 272, 284, (1901); Wilber v. Walsh, 147 Conn. 317, 319
(1960).
The Defendant contends that a show cause hearing given a city appointive officer by a mayor contemplating his removal is not the exercise of a quasi-judicial power, but merely a hearing precedent to executive action. Having giving the appointee notice of the cause of removal and having conducted a hearing and provided the appointee with an opportunity to be heard, the decision of the mayor removing the appointee from office is final. The decision being final, an appeal to the superior court does not transfer the proceeding to that court for a rehearing on the facts, and the scope of judicial review is extremely limited. Averyv. Studley at 272; State ex rel. Williams v. Kelly, 75 Conn. 704 (1903); Pierce's Appeal, 78 Conn. 666 (1906); Sullivan v. Martin, 81 Conn. 585
(1909).
The court will not substitute its discretion for that of the mayor.Avery v. Studley, at 283, 284. The courts subscribe to a policy of fostering an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of a city agency's findings and conclusions as contained in the record. Gemmel v.City of New Haven, 1992 WL 172125 (Conn.Super. 1992). The sufficiency of cause for removal, or whether the conduct of the plaintiff legally warrants his termination, is for the mayor or city agency to decide.Wilber v. Walsh, 147 Conn. at 320; Riley v. Board of PoliceCommissioners, 147 Conn. 113, 116 (1960); Avery v. Studley, supra at 284. The only questions of fact for the courts to decide on appeal, if raised by the pleadings, are whether the mayor acted unfairly, unjustly and arbitrarily, or whether an essential formality has been omitted.Pierce's Appeal at 669; Avery v. Studley at 284; or whether the cause assigned for removal constituted, of itself, a ground for discipline or removal, or whether the city agency acted illegally. Riley v. Board of Police Commissioners at 116; Wilber v. Walsh at 320. The evidence upon which such determinations may be based are normally found within the record. CT Page 9086
Appellate review of a city agency's decision is of limited scope. The reviewing court does not make a broad, de novo review of the record.Fromer v. Reynolds Metal Development Corporation, 1991 WL 132141 (Conn.Super.); West Norwalk Associationv. Conservation Commission of the Cityof Norwalk, 1999 WL 436379, 11 (Conn. Super). The court does not redetermine factual issues or weigh the credibility of witnesses, as those matters are within the exclusive province of the agency. The court is limited to a review of the evidence and reasoning the agency has placed on the record. Avery v. Studley at 272; Fromer v. Reynolds MetalDevelopment Corporation, 1991 WL 132141, 3. The city agency's decision is governed by the substantial evidence rule. Huck v. Inland Wetlands Watercourse Agency, 203 Conn. 525, 540 and 541 (Conn.Super. 1987);Hickery v. Environmental Protection, 1995 WL 78499 (Conn.Super.);Blakeman Construction, LLC v. Conservation Commission, 1999 WL 1241950 (Conn.Super.). A trial court will not disturb the decision of an agency if there is substantial evidence in the record supporting that decision.Huck v. Inland Wetlands Watercourse Agency, 203 Conn. 525, 540 and 541 (Conn.Super. 1987); Hickery v. Environmental Protection, 1995 WL 78499 (Conn.Super.); Blakeman Construction, LLC v. Conservation Commission, 1999 WL 1241950; Fromer v. Reynolds Metal Development Corporation, 1991 WL 132141, 3 (Conn.Super.). In reviewing a city agency's decision made pursuant to statute, the reviewing court must sustain the city agency's decision if an examination of the record discloses evidence that supports any of the reasons given. Huck v. Inland Wetlands Watercourse Agency,203 Conn. 525, 540 and 541 (Conn.Super. 1987); Hickery v. EnvironmentalProtection, 1995 WL 78499 (Conn.Super.); Blakeman Construction, LLC v.Conservation Commission, 1999 WL 124 1950 (Conn.Super.) A trial court may grant relief on appeal from an administrative agency decision only where the local authority has acted illegally or arbitrarily or has abused his discretion. Avery v. Studley at 284; Wilber v. Walsh at 319;Fromer v. Reynolds Metal Development Corporation, 1991 WL 132141, 3.
The burden of proof is upon the plaintiff to show that the public authority acted unjustly, illegally or arbitrarily. Avery v. Studley at 286; Fromer v. Reynolds Metal Development Corporation, 1991 WL 132141,3. Such issues must be raised in the complaint. Pierce's Appeal, supra, at 669. Here, however, the plaintiff has alleged only that he was terminated and this appeal is taken pursuant to the relevant provision of the City Charter.
In Sullivan v. Martin, 81 Conn. 585, 591, 71 A. 783 (1909), the Mayor of New Haven terminated a police commissioner after a full hearing for just cause. The court found that the question of whether the mayor unfairly, unjustly or arbitrarily terminated the employee was a question of fact and was answered by the court's finding that the plaintiff was given a full, fair and impartial hearing. Evidence offered for the CT Page 9087 purpose of retrying questions of fact determined by the Mayor was rejected.
 The question whether the mayor acted unfairly, unjustly, and arbitrarily, which is attempted to be raised by several of the reasons of appeal, is a question of fact, and if open to the plaintiff in the Superior Court, has been answered by the court's finding that the plaintiff was giving a full, fair and impartial hearing.
 The proceeding before the mayor not being a trial, but merely a hearing precedent to executive action relative to the plaintiffs removal, the appeal therefrom to the Superior Court did not transfer the proceeding to that court for a rehearing of the facts. The purpose of the appeal is to provide a summary process by which the court may revoke the order of removal in case any essential formality has been omitted, or, perhaps, in case it finds that the executive power has been exercised so arbitrarily as to defeat the real purpose of the law in modifying an absolute discretion in removal. . . .
 Numerous exceptions were taken to the court's exclusion of evidence offered by the plaintiff to prove the nonexistence of the cause assigned for his removal by the mayor, and to prove that the defendant was actuated by political reasons in making the removal. So far as the evidence was offered for the purpose of retrying questions of fact which had been determined by the mayor, it was properly rejected, because the decision of these questions by him was final. . . . The evidence to prove political motive was also immaterial. (Internal quotations marks omitted.) Sullivan v. Martin, 81 Conn. 591, 71 A. 783 (1909).
Although in Avery v. Studley 74 Conn. 272, 50 A. 752 (1901), which was an appeal from the termination of police commissioners by the Mayor of New Haven, additional evidence outside the record was considered without objection from the parties, the opinion does not specifically address whether additional evidence is proper in such an action. The implication, however, is that an objection to such evidence would be sustained:
 It would be impracticable for the court upon appeal, to entertain all the considerations that must control or influence the mayor in exercising his discretion as to the removal. Such discretion is hardly transferable from the mayor to a court. The appeal, however, can properly bring before the court the validity of the removal, in view of the proceedings required by law before the removal is made.
 We think the appeal is given for the purpose, i.e., to provide a summary process by which the court may revoke the order of removal in CT Page 9088 case any essential formality has been omitted, or perhaps, in case it finds that the mayor has acted so arbitrarily as to defeat the real purpose of the law in modifying an absolute discretion in removal. This view of the mayor's powers is fairly expressed by the language of the charter, and we could not restrict his power of removal to a mere adjudication of special offenses charged, without limiting the intention of the legislature expressed in the whole structure and details of the charter as to the plan of the municipal government thereby established. Avery v. Studley, 74 Conn. 272, 283-84, 50 A. 752 (1901).
The plaintiff police officer in Pierce's Appeal, 78 Conn. 666, 63 A. 161
(1906), challenged his termination by the police commissioner. The court held:
 The appeal is given for the purpose of providing a summary process by which the court may set aside the order of removal in case any essential formality has been omitted, or perhaps, in case it finds that the commissioner has acted so arbitrarily as to defeat the real purpose of the law in modifying an absolute discretion in removal. Avery v. Studley, 74 Conn. 272, 283-284. The only facts relevant upon the hearing of such an application are those which may warrant a judgment setting aside-the action of the commissioner for failure to comply with such limitation upon his absolute discretion . . .
 The only facts stated in the application as ground for relief are contained in an allegation that the appellant is entirely innocent of the charges upon which he was tried and found guilty by the commissioner, and the further allegation that if the appellant had been guilty of these charges his removal from office for such cause is not warranted by the charter or by any principle of law or justice.
 The allegations that the commissioner was mistaken in his conclusion of fact upon the hearing he gave the appellant, is immaterial and irrelevant, certainly in the absence of any charge of fraud or corruption in the removal. . . . It is unquestionable that a removal for the cause assigned in the order is not one made unlawful by the charter or any principle of law or justice. (Citations omitted.) Pierce's Appeal, 78 Conn. 666, 669-670, 63 A. 161 (1906).
It may be arguable that discovery of evidence outside the record should be allowed upon a showing that there has been some impropriety in the conduct of the administrative proceeding that justifies it:
 Discovery is allowed "in any administrative appeal where the court finds it reasonably probable that evidence outside the record will be required.' . . . Unless counsel can agree in advance on the scope of the CT Page 9089 discovery . . . a motion for a protective order may be required. Counsel can refuse to comply unless the party requesting discovery applies to the court for an order allowing it, since discovery is not automatic with administrative appeals as with civil action." (Citation omitted.) R. Fuller, 9A Connecticut Practice Series: Land Use Law and Practice (2d Ed. 1999) § 27.10, p. 56-57.
Here, however, there has been no such showing and, indeed, no allegation in the complaint of any impropriety on the part of the Defendant. Rather, the claim is simply that the plaintiff was terminated and that the Charter provides him with an appeal to the Superior Court. At oral argument, the plaintiff conceded that there was no particular "smoking gun," that he had no particular basis for believing that other similarly situated individuals were treated differently, and that he had no idea what a response to his interrogatories and requests for production might produce. These circumstances hardly justify a deviation from the well-established principles of law cited above that limit the scope of judicial review in cases such as this to the record of the proceedings which occurred before the Mayor and preclude fishing expeditions for evidence outside that record.
The Motion for a Protective Order is therefore granted
 __________________________ JONATHAN E. SILBERT, JUDGE