TOWN COUNCIL OF THE TOWN OF ROCKY HILL *v.*
FREEDOM OF INFORMATION COMMISSION ET AL.
(7822)

BORDEN, FOTI and LAVERY, Js.

Argued November 2, 1989—decision released February 13, 1990

*Constance L. Chambers,* assistant general counsel, with whom, on the brief, was *Mitchell W. Pearlman,* general counsel, for the appellant (named defendant).

*Donald V. Romanik,* with whom, on the brief, was *Mark K. Ostrowski,* for the appellee (plaintiff).

*Phillip H. Schnabel,* pro se, the appellee (defendant).

FOTI, J. The named defendant freedom of information commission (FOIC) appeals from the judgment rendered sustaining an administrative appeal by the plaintiff from a final FOIC decision. The FOIC claims that the trial court erred (1) in failing to find that the plaintiff violated the rights of the defendant Phillip H. Schnabel, the police chief of the town of Rocky Hill, by convening in executive session, (2) in holding that the FOIC's failure to examine a certain memorandum in camera was error, (3) in reevaluating the evidence in the administrative record, and (4) in considering evidence outside the administrative record. In view of our disposition of the second claim of error, we need not decide the other claims.

The parties stipulated to the following facts before the FOIC. Schnabel is the police chief of the town of Rocky Hill and his salary, as with other employees of the town who are not in a bargaining unit, is set by action of the plaintiff, the Rocky Hill town council (council). Beginning in April, 1987, a controversy arose in Rocky Hill over a decision to recall a cruiser after it had been dispatched, and whether concerns over racism justified that recall. In May and June, 1987, members of the council expressed dissatisfaction to the town manager concerning Schnabel's performance as the town's police chief, including his handling of the cruiser incident. The town manager requested that Thomas Mooney, the town's labor attorney, prepare an opinion letter concerning the free speech rights of public employees, and the relation of those legal issues to actions that the town council might consider with respect to Schnabel's employment. The actions to be considered were to include the withholding of Schnabel's pay increase. Mooney provided his written opinion in a letter dated June 25, 1987.

After the town manager received Mooney's opinion letter, he invited the attorney to discuss the contents

of the letter on June 30, 1987, at a special council meeting in the event the council chose to convene in executive session. In response to Schnabel's inquiry prior to the special council meeting, the town manager informed him that his presence was not required.

On June 30, 1987, the plaintiff held its special meeting and Schnabel was present. The council adjourned into executive session to discuss the opinion letter with Mooney shortly after a member of the council expressed a desire to do so in order to discuss personnel matters. While in executive session, the council, the town manager and Mooney discussed Mooney's opinion letter. This discussion included such matters as Schnabel's performance in relation to the legal issues discussed in the opinion letter, and any possible action the council could take with respect to Schnabel's employment, including his salary increases. Schnabel was not notified that his performance or evaluation would be discussed in the executive session.

After spending forty-two minutes in executive session, the plaintiff reconvened in open session. At this time, Schnabel addressed the council concerning a possible study of police operations. The council voted to authorize a preliminary study. Later in the open session, when it acted on nonbargaining salaries, the council voted to withhold any pay increase for Schnabel pending conclusion of a consultant's study.

Schnabel filed a letter of complaint with the FOIC stating that the council had considered a personnel matter in executive session without giving him the chance to request that the discussion of his performance, which led to the withholding of his raise, be open to the public. The FOIC found for Schnabel, holding that the council had failed to prove that the privileged material contained in Mooney's opinion letter could not have been separated from its discussion of Schnabel's work

performance and his pending salary increase. The FOIC also found that the council had violated General Statutes § 1-18a (e) (1) when it failed to notify Schnabel of his right to require that the discussion of his performance be held in public.

The council appealed the FOIC's decision to the trial court. The court held that the FOIC erred in its refusal to conduct an in camera review of Mooney's opinion letter. The court found that "[t]he declination by the hearing officer was error that deprived the council of an available mechanism by which [it] would have further sustained the burden of proving the applicability of the exemption set out in General Statutes § 1-19 (b) (10)." The court held that the FOIC's order was null and void.

The general rule under the Freedom of Information Act favors disclosure. The burden of establishing the applicability of an exemption to this rule rests squarely on the party claiming the exemption. *New Haven* v. *Freedom of Information Commission,* 205 Conn. 767, 775, 535 A.2d 1297 (1988). Here, before the FOIC could deal with a potential conflict between the defendant police chief's rights under General Statutes § 1-18a (e) (1)[1] and the council's rights under §§ 1-18a (e) (5)[2] and 1-19 (b) (10),[3] it was incumbent on the council to con-

---

[1] "[General Statutes] Sec. 1-18a. DEFINITIONS. As used in this chapter, the following words and phrases shall have the following meanings, except where such terms are used in a context which clearly indicates the contrary . . . (e) 'Executive sessions' means a meeting of a public agency at which the public is excluded for one or more of the following purposes: (1) Discussion concerning the appointment, employment, performance, evaluation, health or dismissal of a public officer or employee, provided that such individual may require that discussion be held at an open meeting . . . ."

[2] General Statutes § 1-18a (e) provides in pertinent part: "(5) discussion of any matter which would result in the disclosure of public records or the information contained therein described in subsection (b) of section 1-19."

[3] General Statutes § 1-19 (b) provides in pertinent part: "Nothing in sections 1-15, 1-18a, 1-19 to 1-19b, inclusive, and 1-21 to 1-21k, inclusive, shall be construed to require disclosure of . . . (10) . . . communications privileged by the attorney-client relationship."

vince the FOIC that it was unable to separate its discussion of the chief's performance from its discussion of the privileged material contained in Mooney's opinion letter during the executive session. In attempting to meet this burden, the council requested that the FOIC perform an in camera inspection of the document. The FOIC refused, citing its regulations, and consequently forced the plaintiff to attempt to meet its burden through other means.

"Where the nature of the documents, and, hence, the applicability of an exemption, is in dispute it is not only within the commission's power to examine the documents themselves, it is contemplated by the act that the commission do so." *Wilson* v. *Freedom of Information Commission,* 181 Conn. 324, 339–40, 435 A.2d 353 (1980). Unless the character of the documents in question is conceded, or an in camera inspection would be burdensome on the commission or ineffective because of the absence of the adversarial process, such a review may be essential to the proper resolution of a dispute under the Freedom of Information Act. Id., 340.

Although our Supreme Court merely voiced an admonishment after the FOIC's refusal to perform in camera inspection in *Wilson,* that court held that a similar refusal by the FOIC was reversible error in *Board of Education* v. *Freedom of Information Commission,* 210 Conn. 590, 556 A.2d 592 (1989). That court held that the failure to perform an in camera inspection hindered the FOIC's ability to balance the employee's right of privacy against the public's right to know.

In light of the relevant case law, we conclude that the trial court did not err in holding that the FOIC's failure to examine the written opinion in camera was error, but that it went too far in declaring the FOIC order null and void without remanding the matter for an in camera examination of the opinion. Although

*Board of Education* v. *Freedom of Information Commission,* supra, was decided after this case was tried, all parties agreed at oral argument that that case would govern the outcome of this case if we conclude that the FOIC erred in refusing to view the opinion letter in camera. To be in full accord with *Board of Education* therefore, the case will be remanded to the trial court with direction to order the FOIC to conduct an in camera inspection of Mooney's opinion letter. The FOIC will also be given the opportunity properly to balance the parties' competing rights.

There is error in part, the judgment is set aside and the case is remanded to the trial court with direction to order the FOIC to conduct an in camera inspection of the opinion letter and to consider any further evidence the parties may submit as may be deemed necessary, in accordance with this opinion.

In this opinion the other judges concurred.