[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
Nature of Action
This is an appeal, pursuant to Conn. Gen. Stat. 1-21i(d) and 4-183, from a decision of the Freedom of Information Commission (Commission) concerning its order requiring the disclosure of documents from a teacher's personnel file maintained by the Superintendent of Schools of the Town of West Hartford for Parker Simonds.
Procedural Facts
In a letter to the Superintendent of West Hartford Schools CT Page 3547 (Superintendent) dated January 14, 1988, the West Hartford News (the Newspaper) requested access to any records referring to incidents between Parker Simonds and members of the Hall High School Girls Soccer Team. (Record, Item 3, Transcript, p. 3). Specifically, the request asked for any complaints, any correspondence relating to allegations of misconduct, and any records of a probationary period. (Id.)
The Superintendent, in letters dated January 20 and 29, 1988, denied the newspaper's request stating that the requested records were performance and evaluation records and their disclosure would invade Parker Simonds' personal privacy. (Record, Items 7 and 8). The newspaper clarified its request, in a letter dated February 9, 1988, by specifying that it was not seeking any records of teacher performance and evaluation. (Record, Item 3, Transcript, p. 3), but the Superintendent had his attorney deny the request on the ground that Parker Simonds' written objection to release of the records precluded their release absent an order by the Commission under Conn. Gen. Stat.1-19, (Record, Item 9, Letter).
On March 14, 1988, the newspaper filed a complaint with the Commission. (Record, Item 1, Complaint). Commissioner Avery heard the contested case on May 2, 1988 (Record, Item 13, Report of Hearing Officer), and the full Commission adopted the findings of Commissioner Avery as its final decision on July 13, 1988 (Record, Item 14, Final Decision). The Commission ordered the Superintendent to give the newspaper access to the requested records and allowed the Superintendent to redact information that discloses the identities of persons other than Parker Simonds that were not already publicly known, (Id.)
Authority for Agency Action
Conn. Gen. Stat. 1-21j establishes the Freedom of Information Commission which reviews the alleged violations of sections dealing with access to public records and issues orders pertaining to such alleged violations.
Aggrievement
"Only parties `aggrieved by the decision' of the FOIC have standing to take appeals to the Superior Court." Board of Pardons v. FOIC, 210 Conn. 646, 648 (1989), citing Conn. Gen. Stat. 1-21i(d). Aggrievement is determined by a twofold test "that requires a showing of" (1) a specific personal and legal interest in the subject matter of the FOIC decision; and (2) a special and injurious effect on this specific interest." Id. at 649 (citations omitted). CT Page 3548
On May 2, 1988, at the Commission hearing, Parker Simonds' motion to be made a party was granted. (Record, Item 3, Transcript pp. 2-3). Parker Simonds is the teacher whose records were requested from the Superintendent by the Newspaper (Id. at p. 3) and the Commission found that his records were not exempt from disclosure. (Record, Item 14, Final Decision).
Plaintiff is aggrieved because the Commission's decision to require disclosure of his personnel records may cause an injurious effect on his reputation in the West Hartford community. In addition, such disclosure may damage his legal interests by inciting persons to bring criminal charges or civil actions against the plaintiff. Plaintiff has standing to bring this action.
Timeliness of Action
Conn. Gen. Stat. 4-183 requires an aggrieved party taking an appeal from a final decision in a contested case to do so by filing a petition in the Superior Court within forty-five days after mailing of the notice of the final decision of the Commission. In addition, copies of the appeal petition must be served on the agency and all parties of record within thirty days after the mailing of that notice.
In this case, notice of the decision was sent to the attorneys for all parties involved in the hearing in a final decision dated July 19, 1988 (Record, Item 14, Final Decision). Plaintiff filed this appeal in the Superior Court on July 28, 1988. (Court File, Item 101, Appeal Petition). Plaintiff caused copies of the appeal petition to be served on the Commission and the West Hartford News on July 26, 1988 and on the West Hartford Board of Education on July 27, 1988. (Court File, Item 101, Affidavit of Service). Therefore, this appeal is both timely filed and served.
DISCUSSION
Scope of Review
"Judicial review of an administrative agency's action is governed by the Uniform Administrative Procedure Act and the scope of that review is very restricted." Board of Education v. FOIC, 208 Conn. 42, 452 (1988) (citations omitted). The court is not to substitute its judgment for that of the agency, but is instead only to determine whether the agency's action, in light of the evidence was unreasonable, arbitrary or in abuse of its discretion. New Haven v. FOIC, 205 Conn. 767, 773 (1988). "Conclusions of law reached by the administrative agency must stand if the court determines that they resulted from a correct CT Page 3549 application of the law to the facts found and could reasonably and logically follow from such facts." Id. at 774 (citations omitted).
Burden of Proof
Disclosure of public records is the general rule under the Freedom of Information Act. Chairman v. FOIC, 217 Conn. 193,196 (1991); See, Conn. Gen. Stat. 1-19 (rev'd to 1989). "The burden of establishing the applicability of an exemption rests upon the party claiming it." Id. (citations omitted). This burden requires that a sufficiently detailed record must reflect the reasons why an exemption applies to the materials requested. New Haven v. FOIC, 205 Conn. at 776.
Issues on Appeal
1. Teacher Performance and Evaluation Records as an Exemption to Disclosure
Conn. Gen. Stat. 10-151c specifically exempts from disclosure teacher evaluations and records. Board of Education v. FOIC, 210 Conn. 590, 595 (1989). That statute states in part:
 Any records maintained or kept on file by any local or regional board of education which are records of teacher performance and evaluation shall not be deemed to be public records and shall not be subject to the provisions of section 1-19, provided that any teacher may consent in writing to the release of his records by a board of education.
In his memorandum, plaintiff argues that records or correspondence alleging misconduct, records of probation periods, and complaints from students and parents are records of teacher performance and evaluation. Plaintiff specifically contends that because the Commission has held in past decisions that letters of reprimand are exempt, that information in records of correspondence merely alleging misconduct deserves even higher scrutiny. Further, plaintiff claims that probation periods are part of the evaluation process and therefore should not be available to the public. Lastly, plaintiff argues that complaints from students and parents are accusations regarding teacher performance and evaluation and therefore should be exempt like letters of reprimand.
The record lacks evidence to characterize the requested CT Page 3550 documents as records of teacher performance and evaluation. "[U]nsupported conclusory allegations of counsel are not evidence and are insufficient for the application of an exemption from disclosure." New Haven v. FOIC,205 Conn. at 776. Therefore, plaintiff has failed to meet his burden of proof for establishing the applicability of the Conn. Gen. Stat. 10-151c exemption to disclosure. The Commission's decision was reasonable in light of the evidence.
2. Invasion of Privacy as an Exemption to Disclosure
Conn. Gen. Stat. 1-19 (b)(2) provides an exception to the general rule of disclosure of public records that prohibits the disclosure of "personnel or medical files and similar files the disclosure of which would constitute an invasion of personal privacy." "The plaintiff must meet a twofold burden of proof to establish the applicability of the 1-19 (b)(2) exclusion. First, they must establish that the files in question are within the categories of files protected by the exemption, that is personnel, medical or `similar' files. Second, they must show that disclosure of the records would constitute an invasion of personal privacy." Chairman v. FOIC, 217 Conn. at 196, citing Hartford v. FOIC, 201 Conn. 421, 431-32 (1986).
In their memoranda, both parties allege that the requested documents are "personnel" files within the meaning of Conn. Gen. Stat. 1-10(b)(2). However, they dispute whether disclosure would constitute an invasion of personal privacy.
In his memorandum, plaintiff argues that a balancing test must be used to determine whether disclosure would involve an invasion of privacy. "1-19(b)(2) does not require such a balancing test." Chairman v. FOIC, 217 Conn. at 200. "Therefore, neither the FOIC, nor the courts, are required to engage in a separate balancing procedure beyond the limits of the statute." Id. at 201.
In addition, plaintiff contends that the Commission must do an in camera inspection to preserve privacy rights. The Connecticut Supreme Court has held that the Commission's refusal to perform an in camera inspection to determine whether disclosure involves an invasion of privacy is reversible error. Board of Education v. FOIC, 210 Conn. at 596; Town Council v. FOIC, 20 Conn. App. 671, 675 (1990). There is no evidence in the record that plaintiff ever requested that the Commission do an in camera inspection of the documents in question or that the Commission ever refused to perform one. Therefore, the Supreme Court requirement of an in camera inspection does not apply in this case. CT Page 3551
The plaintiff has failed to establish on the record that they were entitled to the exemption to disclosure provided by Conn. Gen. Stat. 1-19 (b)(2). The Commission is not required to accept unsupported allegations relating to documents claimed to be exempt from disclosure. Hartford v. FOIC, 201 Conn. 21, 434
(1986). Therefore, the Commission's decision was reasonable in light of the evidence found in the record.
CONCLUSION
This appeal is dismissed on the ground that the Commission acted properly in denying plaintiff the protection of Conn. Gen. Stat. 1-19 (b)(2) and 10-151c.
Steinberg, Judge.