[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Lamberto Lucarelli appeals a final decision of the defendant freedom of information commission dismissing his complaint against the defendants Paul M. Shapiro and Ralph E. Urban, Assistant Attorneys General of the State of Connecticut, and the Office of the Attorney General of the State of Connecticut. The plaintiff had sought copies of records concerning himself and his legal proceedings that had not already been provided him and that were not already part of the public record in federal or state courts or administrative proceedings. The defendant commission acted after a hearing as required by law. The plaintiff appeals pursuant to General Statutes § 4-183. The court finds in favor of the plaintiff and remands the case for further proceedings.
The plaintiff's complaint to the commission had its origin in the aftermath of an earlier complaint that he brought in 1992. That earlier complaint, which was commission docket 90-148, was dismissed following an agreement between the plaintiff, as complainant, and the University of Connecticut and others, as respondents. The agreement called for the respondents to provide the plaintiff with copies of all records in their possession that pertained to him. Subsequently, the plaintiff, suspecting that the respondents had not fully complied, brought a series of complaints to the commission. These subsequent complaints are not at issue here. In 1992, however, the plaintiff brought the instant complaint against Attorneys General Shapiro and Urban, who had represented the original respondents, claiming that the attorneys had neglected or refused to turn over copies of all the records that the respondents had agreed to provide. CT Page 3002
At the commission hearing, defendant Urban testified that he had personal knowledge of the records pertaining to the plaintiff. He stated that copies of all of those records had been furnished to the plaintiff except certain documents that were exempt from -disclosure pursuant to General Statutes § 1-19(b)(10). That statute permits nondisclosure of "communications privileged by the attorney-client relationship."
In its final decision, the commission adopted the finding of the hearing officer, Commissioner Deane C. Avery, that the defendants were in possession of public records pertaining to the plaintiff, but that the documents were exempt under § 1-19(b)(10). In making this finding, the hearing officer relied entirely on the testimony of defendant Urban. The documents in question were not introduced in evidence nor did the hearing officer examine them in camera. The commission also found that the defendants had otherwise completely complied with the previous agreement and had no other records to disclose. Accordingly, the commission dismissed the plaintiff's complaint.
In his appeal, the plaintiff advances four arguments: (1) that the defendants violated the previous agreement to disclose to him all public records pertaining to him in their possession; (2) that the commission failed to "verify those exemptions;" (3) that certain of the members of the commission should have disqualified themselves from adjudicating his complaint; and (4) that this court (J. Walsh, J.) made certain "procedural lapses and other errors . . . in ruling upon preliminary matters relating to the present Administrative Appeal Action."
With respect to plaintiff's claim (4) above, the court holds that this is an inappropriate forum to contest the rulings of another superior court judge. Such rulings become the law of the case and will not be disturbed unless clearly erroneous. Breen v. Phelps,186 Conn. 86, 99-100 (1982). The plaintiff may not prevail on this argument.
The plaintiff's claim that certain members of the CT Page 3003 defendant commission should have disqualified themselves on account of bias, number (3) above, may not be sustained. Other than their participation in previous unfavorable rulings, there is no evidence in the record that would support this claim. And an adverse decision is, of course, not sufficient basis for concluding that the official was impermissibly biased. Obeda v. Board ofSelectman, 180 Conn. 521 (1980), cited by the defendants in their brief.
The plaintiff's argument that the hearing officer failed to "verify" the defendants' claim of exemption, however, is compelling and is dispositive of the appeal.
General Statute § 1-19(a) of the Freedom of Information Act provides, in relevant part, "[e]xcept as otherwise provided by any federal law or state statute, all records maintained or kept on file by any public agency . . . shall be public records and every person shall have the right to inspect such records promptly during regular office or business hours or to receive a copy of such records. . . ." Section 1-19b(a) underscores this broad mandate by requiring that § 1-19 be "[c]onstrued as requiring each public agency to open its records concerning the administration of such agency to public inspection." There is an "'overarching policy' underlying the Freedom of Information Act (FOIA) favoring the disclosure of public records . . . Our construction of the FOIA must be guided by the policy favoring disclosure, and exceptions to disclosure must be narrowly construed." (Citations and internal quotation marks omitted).Superintendent of Police v. Freedom of InformationCommission, 222 Conn. 621, 626 (1992).
These general principles impose on the commission "a central role in resolving disputes administratively under the (freedom of information) act. To fulfill this role effectively, the commission's determinations must be informed. It should not accept an agency's generalized and unsupported allegations relating to documents claimed to be exempt from disclosure." Wilson v. Freedom ofInformation Commission, 181 Conn. 324, 340 (1980), cited by the plaintiff.
In Wilson and subsequent cases, our courts have CT Page 3004 required the commission to conduct an in camera inspection of documents claimed to be exempt unless there is other evidence or testimony that is sufficiently detailed to provide the commission "an informed factual basis for its decision." Id. 341. See also Board ofEducation v. Freedom of Information Commission, 210 Conn. 590,595-597 (1989) and Town Council v. Freedom ofInformation Commission, 20 Conn. App. 671, 674-676
(1990).
In the present case, as noted, the only evidence concerning the nature of the documents in question and their potential exemption was the testimony of Mr. Urban, who was claiming the exemption, although it is not clear whether he was doing so in his capacity as attorney or client. The court has reviewed the transcript of his testimony. The witness asserts that he is claiming an exemption for "correspondence, interoffice correspondence between Mr. Shapiro and myself related to strategy and handling and dealing with the avalanche of requests that come from Mr. Lucarelli and who's going to cover all these proceedings, who's going to come today, for example, I think there's probably a memorandum from Mr. Shapiro to me saying I can't go on December 21st, can you please cover it for me."
The question whether communications or documents are protected by the attorney-client privilege is sometimes complicated, often subtle, and rarely obvious. The privilege comes with conditions, distinctions and exceptions. It is axiomatic that not all communications between lawyer and client are protected by the privilege. It is also clear that the privilege may be waived, either expressly or by implication. See, generally, Tait and LaPlante's Handbook of Connecticut Evidence § 12.5.
These considerations lead the court to the conclusion that Mr. Urban's testimony was not "sufficiently detailed . . . to present the commission with an informed factual basis for its decision." It may well be that no testimony or evidence on the record could fulfill that function without compromising the asserted privilege. But that does not mean that the commission must abdicate its responsibility; rather, it may accomplish its mission by means of in camera review of CT Page 3005 the documents in question. Wilson v. FOIC, supra,181 Conn. 340.
At the hearing, the plaintiff clearly and persistently requested the hearing officer to conduct a review of each of the documents that were conceded to be public records pertaining to him but which were assertedly privileged. It was an abuse of discretion not to have done so.
The court's conclusion regarding the required in camera review of the documents in question makes it premature to address the plaintiff's first claim, number (1) above. Following remand and review of the documents, the commission will render a new decision that will determine whether the plaintiff is entitled to disclosure of any records that he has not already received.
The plaintiff's appeal is sustained and the case is remanded to the commission. Pursuant to subsection (k) of General Statutes § 4-183, the commission or its delegated hearing officer is ordered to conduct an in camera review of all documents that the defendants withheld under claim of privilege and then to render a new decision on the plaintiff's complaint.
MALONEY, J.