[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Lamberto Lucarelli appeals, pursuant to General Statutes 1-21(d) and 4-183, from the Final Decision of the defendant Freedom of Information Commission (hereinafter "FOIC"), dated August 28, 1991 and noticed under date of September 10, 1991, dismissing his complaint to the FOIC. The subject complaint in essence requested production of a certain letter dated July 9, 1987 addressed by the plaintiff to "Commissioner Tirozzi, State Board of Education." The plaintiff appeared pro se in all proceedings before both the FOIC and this Court.
The FOIC construed the effective Respondents to the complaint before it to be the State of Connecticut Department of Education and the State of Connecticut Department of Higher Education. Named as defendants in the appeal Complaint preface sheet (a) dated October 11, 1991 by plaintiff to this Court are, in addition to the FOIC: (i) "Commissioner Norma Foreman Glasgow and named employees of the State of Connecticut Department of Higher Education," and (ii) "Commissioner Gerald N. Tirozzi and named employees of the State of Connecticut State Board of Education and the State of Connecticut Department of Education." Only the FOIC and Commissioners Glasgow and Tirozzi are named as defendants in the Summons. The aforesaid appeal Complaint preface sheet does not identify the additional various Department and Board "named employees".
The Court notes that the defendants Glasgow and Tirozzi were the Commissioners of their respective Departments at the pertinent times in 1987, but have since ceased to be such. The Freedom of Information Act (hereinafter "FOIA"), CT Page 7796 General Statutes 1-7 et seq., essentially relates to the public records of a public agency. See 1-18a(a) and (d); 1-19(a). As both former Commissioners are named in their representative official capacities, the Court construes the effective parties defendant (in addition to the FOIC) to be their respective Departments (hereinafter the "agency defendants"). Fetterman v. University of Connecticut, 192 Conn. 539, 550-51
(1984). This is consistent with the construction placed on this matter by the FOIC.
The factual background is as follows: on or about July 9, 1987, the plaintiff directed the subject letter to Commissioner Tirozzi complaining of certain difficulties he was having with a professor and other personnel of the University of Connecticut. By letter dated July 15, 1987 (R. 22), the Executive Assistant to the Commissioner advised the plaintiff that she was forwarding his letter to "Commissioner Norma Foreman Glasgow, Department of Higher Education, since matters concerning the University of Connecticut fall under her jurisdiction."
The plaintiff then by letter dated August 23, 1987 addressed to Commissioner Glasgow (R. 17) and by at least one subsequent telephone conference with Department of Higher Education personnel inquired as to the status of his letter and complaint. By letter to plaintiff dated September 17, 1987 (R. 18), the special Assistant to the Commissioner advised the plaintiff that the Department of Higher Education had no jurisdiction over the issues raised in his complaint letter, but that "authority to resolve those issues resides with the University and its Board of Trustees."
For whatever reason, the matter remained dormant for three years. Then, by separate letters each dated August 3, 1990 addressed respectively to Commissioners Tirozzi and Glasgow (R. 12, 14), the plaintiff requested from each agency defendant "access to and preferably copies of all information concerning me personally or my affairs which is in the current possession and/or was in the past of your overall agency of state government." A flurry of correspondence ensued (R. 13, 15-20).
When the subject July 9, 1987 letter was not produced, the plaintiff complained to the FOIC by letters dated September 4, and 17, 1990 (R. 1). The gist of that complaint was that each agency defendant had failed to "take proper care to keep and safeguard its records," and that each such defendant and its pertinent personnel be subjected to civil penalties under General Statutes 1-21(b). Plaintiff's appeal to this Court requests also the imposition of criminal penalties under General Statutes 1-21k. CT Page 7797
By letter to the plaintiff dated September 10, 1990 (R. 2), the FOIC initially declined to entertain the complaint on the ground that no violation of the FOIA was apparent. This prompted plaintiff's somewhat strong response of September 17, 1990 (R. 1), resulting in the FOIC proceeding with his complaint.
The matter then wound its way to a hearing on January 14, 1991 before Frederick E. Hennick, Hearing Officer. Attorney Constance L. Chambers acted as counsel to the FOIC. This hearing was only docketed against the Department of Education and related personnel. During this hearing, Attorney Chambers determined that the complaint should be redocketed against the Department of Higher Education, in order to protect the plaintiff's rights. This was done. The recessed hearing involving that Department was held on February 4, 1991 before Hearing Officer Hennick, with Attorney Chambers again serving as FOIC counsel.
Prior thereto, the plaintiff by letter dated January 22, 1991 (R. 10), requested that Attorney Chambers be disqualified, and that the matter be handled by "a FOIC attorney who has not even a hint of prejudice toward the complainant or [the] complaint." Plaintiff noted in his letter that he had on January 7, 1991 made a similar disqualification request regarding another FOIC staff attorney. At the conclusion of the February 4, 1991 hearing, the plaintiff referred to his request for disqualification of Attorney Chambers, stating that "[i]t is evident that Attorney Chambers and I have a difference of opinion in another matter dealing with the Freedom of Information — ."
Hearing Officer Hennick submitted his Proposed Finding under date of July 10, 1991. Plaintiff responded with a 15-page brief objecting to the same. The FOIC adopted the Hearing Officer's Proposed Finding in its Final Decision. The FOIC dismissed the complaint, finding and concluding that neither agency defendant, after searching its records, could either locate or had a copy of the subject July 9, 1987 letter, and that "there was no evidence that proved the records requested by the complainant had been wilfully destroyed or improperly disposed of."
Plaintiff then appealed to this Court. The Court finds that the plaintiff is a party aggrieved for the purpose of standing to take this appeal. Light Rigging Co. v. Department of Public Utility Control, 219 Conn. 168 (1991).
This appeal is governed by the uniform Administrative Procedure Act, General Statutes 4-166 et seq. The scope CT Page 7798 of review is limited by 4-183(j). The court may not substitute its judgment for that of the agency (here the FOIC) as to the weight of the evidence on questions of fact. However, the court may reverse or modify a decision if it finds that substantial rights of the appellant have been prejudiced because the findings, conclusions or the decisions are: "(1) In violation of constitutional or statutory provisions . . . (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
"Conclusions of law reached by the administrative agency must stand if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts." Ottachian v. Freedom of Information Commission, 221 Conn. 393,397 (1992). However, "[t]he interpretation of statutes presents a question of law . . . it is for the courts, and not for administrative agencies, to expound and apply governing principles of law." Connecticut Humane Society v. Freedom of Information Commission, 218 Conn. 757, 761-62 (1991).
A state agency is bound by General Statutes 1-19(a) "to maintain its records as public records available for public inspection unless these records fall within one of the statutory exemptions to disclosure." Maher v. Freedom of Information Commission, 192 Conn. 310, 314-15 (1984).
Plaintiff asserts two primary claims on appeal: first, that the FOIC decision is contrary to the law and evidence; and second, that he was denied a fair hearing by the FOIC. At the outset, however, the Court is presented with the threshold issue of whether the subject July 9, 1987 complaint letter constitutes a "public record" of the agency defendants. This issue was raised by counsel for these defendants at the FOIC hearings. While the FOIC decision makes no express finding on this issue, a negative finding is implicit both in its initial reluctance to entertain the complaint and in its decision. Otherwise, the FOIC would necessarily have to have ruled that at least the Department of Education had violated1-19(a) by its failure to maintain on file the original of that letter.
General Statutes 1-18a(d) defines "public records and files" for the purpose of the FOIA to mean "any recorded data or information relating to the conduct of the public's business prepared, owned, used, received or retained by a public agency." [Emphasis added]. No appellate case has been CT Page 7799 cited to the Court specifically interpreting what is a "public record" under the FOIA.
Logically, however, the words "public business" should relate only to matters within the purview of the agency's duties, functions and jurisdiction. This is consistent with the construction of the analogous phrase "records of public offices" under General Statutes 52-165 concerning admission of such records as an exception to the hearsay rule. See, e.g., Feuer v. Henderson, 181 Conn. 454, 462 (1980); Hing Wan Wong v. Liquor Control Commission, 160 Conn. 1, 9-10
(1970). Any other construction would mean that, in order to avoid the statutory penalties, an agency must retain in its files each and every piece of correspondence gratuitously sent to it concerning matters in no way implicating or involving its duties, functions or jurisdiction. The burden would be enormous.
The actual subject letter was obviously not in evidence. However, plaintiff submitted into evidence a copy of that letter (R. 21), which he states in his appeal brief to be a "typed draft replicate, not an exact copy of this July 9, 1987 complaint letter." This copy clearly indicates that plaintiff's complaint involved a professor and other personnel of the University of Connecticut who apparently held views disparate to his concerning several quite lengthy papers submitted by him while taking a course there.
Each agency defendant promptly advised plaintiff in 1987 that it had no jurisdiction over the subject matter of his complaint. Mark Stapleton, Chief of Office of Legal Affairs for the defendant Department of Education testified at the January 14, 1991 hearing that, as his agency receives a tremendous amount of daily mail, its procedure is to maintain records only of documents which pertain to the workings of the agency. FOIC counsel at that hearing characterized this practice as "commonplace". At oral argument on this appeal, FOIC counsel stated that this procedure was followed even at the FOIC.
The court should "accord great deference to the construction of a statute by the agency charged with its enforcement." Griffin Hospital v. Commission on Hospitals Health Care, 200 Conn. 489, 496 (1986). In this case, each agency defendant promptly determined and so advised plaintiff that the subject complaint did not implicate a matter within its jurisdiction. The FOIC apparently has determined that an agency need not maintain in its files gratuitous letters received by it not implicating such agency's jurisdiction.
The Court concludes that the subject July 9, 1987 CT Page 7800 complaint letter was not a public record of the agency defendants within the meaning and purview of General Statutes1-18a(d) and 1-19(a).
Although this conclusion alone disposes of this appeal, the Court has considered the claims made by the plaintiff and finds them without merit.
Plaintiff first challenges the findings and conclusions of the FOIC. At oral argument, plaintiff stated that his purpose for doing so was to secure a remand for the imposition by the FOIC of "punitive" sanctions under General Statutes 1-21k
against various of the persons identified in his appeal Complaint, briefs and pleadings. Section 1-21k provides that any person who wilfully, knowingly and intentionally destroys or otherwise improperly disposes of a public record shall be guilty of a Class A misdemeanor.
Accordingly, plaintiff primarily directs his challenge to the FOIC finding "that there was no evidence that proved that the records requested by the complainant had been wilfully destroyed or improperly disposed of." The Court has carefully reviewed the transcripts of the FOIC hearings (R.23-24) and other parts of the Record. The subject finding implicates issues of credibility and evidentiary proof. The Court cannot substitute its judgment for that of the FOIC as to the weight of the evidence on questions of fact. Moreover, the Court concurs with the findings and conclusions made by the FOIC.
Plaintiff's ultimate claim is that he was denied a fair hearing by the FOIC. Basic due process requires the "opportunity to be heard at a meaningful time and in a meaningful manner." Pet v. Department of Health Services, 207 Conn. 346,355 (1988). The hearing must be fairly and impartially conducted, but a charge of bias or hostility without more is insufficient. Obeda v. Board of Selectmen, 180 Conn. 521, 523-24 (1980).
Plaintiff claims bias in that:
(1) The FOIC prejudged his complaint, as evidenced by its initial reluctance to entertain it.
(2) The FOIC failed to comply with his request that it subpoena for testimony at the hearings certain former employees of the agency defendants, including former Commissioners Glasgow and Tirozzi, all of which individuals he characterizes as "defendants".
(3) The FOIC and Hearing Officer Hennick failed to comply with his request for disqualification of Attorney Chambers. CT Page 7801
These claims are without merit. The FOIC in fact did entertain his complaint and did hold extensive hearings thereon. Plaintiff can point to nothing in the hearing transcripts, nor can the Court find anything therein, remotely indicating that his complaint did not receive a fair hearing.
The testimony of the persons not subpoenaed by the FOIC as plaintiff requested at best could only have been redundant. It was not disputed that the subject letter was received by the Department of Education in July 1987, but was no longer in the files of either agency three years later.
Plaintiff's request for disqualification of Attorney Chambers was made to the FOIC eight days after the January 14, 1991 hearing and was not asserted by him to Hearing Officer Hennick until after the conclusion of testimony at the February 4, 1991 hearing. Plaintiff admitted at oral argument before this Court that the conduct of Attorney Chambers at the hearings was "fairly straightforward," and that he had no complaint with the conduct of these hearings by Hearing Officer Hennick.
Plaintiff's stated reason for requesting disqualification of Attorney Chambers was that she had then recently entered her appearance on behalf of the FOIC in an appeal by plaintiff from the FOIC's dismissal of another of his complaints. Plaintiff made a similar request for similar reasons respecting another FOIC staff attorney. In addition, the Court notes from the file in this Court on this appeal that plaintiff unsuccessfully moved for disqualification of the Superior Court judge who had ruled on various motions in earlier proceedings herein, for alleged bias in dismissing plaintiffs appeal from that prior FOIC decision. "In these circumstances disappointed applicants may misconstrue such rejections as being motivated by personal animosity." obeda v. Board of Selectmen, supra, at 180 Conn. 524.
It appears from plaintiff's pleadings, testimony and statements at oral argument that this appeal is merely the latest in a succession of litigation instituted by plaintiff stemming from his dissatisfaction with the University of Connecticut. During the three-year hiatus between 1987 and 1990 relevant to this appeal, plaintiff admittedly did present his complaint to proper University of Connecticut authorities, "appealed" therefrom to other branches of state government, brought suit in the United States District Court (dismissed), and presently has an appeal pending in the Appellate Court respecting the dismissal of his appeal from the prior FOIC decision.
The Court has no knowledge of the merits of those CT Page 7802 other proceedings. This appeal, however, is without merit.
The appeal is dismissed.
DAVID L. FINEBERG JUDGE, SUPERIOR COURT
Judgment enters with the foregoing Memorandum of Decision
Michael Kokoszka, Clerk