DAVID G. LAPOINTE *v.* BOARD OF EDUCATION
OF THE TOWN OF WINCHESTER ET AL.
(SC 17379)

Sullivan, C. J., and Borden, Palmer, Vertefeuille and Zarella, Js.

Argued May 19—officially released August 9, 2005

*Jon D. Norris*, for the appellant (plaintiff).

*Mark J. Sommaruga*, for the appellees (defendants).

*Opinion*

BORDEN, J. The dispositive issue in this appeal is whether the named defendant, the board of education of the town of Winchester (board), gave the plaintiff, David G. LaPointe, reasonable notice of the cause of his removal as chairperson of the board, as required by the board's bylaws. The plaintiff appeals from the judgment of the trial court denying his petitions for writs of quo warranto and mandamus.[1] By those petitions, the plaintiff claimed that he had been illegally removed from his position as chairperson of the board and that, accordingly, he was entitled to be reinstated to that position. We agree and, accordingly, we reverse the judgment of the trial court to the contrary.

The plaintiff brought these actions for quo warranto and mandamus against the defendants, the board and Kathleen O'Brien, his successor as chairperson of the

---

[1] The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

board.[2] The trial court rendered judgment for the defendants. This appeal followed.

Certain facts and the procedural history are undisputed. The plaintiff was elected to the nine member board on November 6, 2001, for a four year term, expiring in November, 2005. On November 18, 2003, the plaintiff was elected as chairperson of the board, for a two year term as such, expiring in November, 2005. Subsequently, on or about March 24 or 25, 2004,[3] the plaintiff received a letter dated March 23, 2004, addressed to him and signed by three members of the board, requesting the plaintiff to call a special meeting of the board.

Specifically, the letter provided: "Re: Request for a Special Meeting. Dear Mr. LaPointe: Pursuant to Connecticut General Statutes [§] 10-218,[4] the following three

---

[2] Technically, the action for quo warranto was brought against O'Brien, claiming that her status as current chairperson was illegal because of the illegality of the plaintiff's removal; and the action for mandamus was brought against the board, claiming that, for the same reasons, the plaintiff had a clear legal right to reinstatement as its chairperson. Hereafter, we refer herein to the board and O'Brien individually by name and collectively as the defendants.

[3] The record is unclear as to the precise date the plaintiff received the letter.

[4] General Statutes § 10-218 provides: "Each board of education shall, not later than one month after the date on which the newly elected members take office, elect from its number a chairperson and elect a secretary of such board and may prescribe their duties. The votes of each member of such board cast in such election shall be reduced to writing and made available for public inspection within forty-eight hours, excluding Saturday, Sunday or legal holidays, and shall also be recorded in the minutes of the meeting at which taken, which minutes shall be available for public inspection at all reasonable times. If such officers are not chosen after one month because of a tie vote of the members, the town council or, if there is no town council, the selectmen of the town shall choose such officers from the membership of the board. The chairperson of the board of education or, in case of such chairperson's absence or inability to act, the secretary shall call a meeting of the board at least once in six months and whenever such chairperson deems it necessary or is requested in writing so to do by three of its members. If no meeting is called within fourteen days after such a request has been made, one may be called by any three members by giving the usual written notice to the other members."

members of the Board of Education request that you, as Chairman of the Winchester Board of Education, call a Special Meeting of the Board to address the attached agenda. We are also requesting that the Board attorney, either Mr. Sommaruga or Mr. Sullivan be in attendance at such meeting." The attached agenda, which left the date and time of the meeting blank, consisted of: "I. Call to Order II. Roll Call III. Business ACTION: 1) Discussion of performance of Board Chair and possible removal from office of Board Chair (Possible Executive Session) IV. Adjourn."

The plaintiff complied by calling a special session of the board for March 30, 2004. At that meeting, after certain procedural objections raised by the plaintiff and discussed more fully later in this opinion, the board voted, by a vote of five to four, to remove the plaintiff as chairperson of the board, for cause.[5]

The plaintiff then brought this two part complaint, challenging the legality of his removal as chairperson on the following grounds: (1) his removal was in violation of his right to due process of law and of the board's bylaws, for lack of adequate written notice of the cause of his removal; and (2) the cause of his removal was not supported by the evidence adduced at the session of the board. The defendants: (1) moved to dismiss the complaint on the basis that the plaintiff's claims presented a nonjusticiable political question; and (2) moved to strike the actions on the ground that the plaintiff had no clear legal right to remain as chairperson. The court denied those motions. After reviewing a videotape of the March 30, 2004 session of the board and taking other evidence, however, the court rejected the plaintiff's claims on the merits. The court ruled that

---

[5] It is undisputed that the only effect of the board's vote was to remove the plaintiff as chairperson of the board, and that he remains a member of the board.

the board had given the plaintiff "reasonable notice, a full hearing at which he was represented by counsel, and the right to refute all claims." The court also ruled that the reasons given by the majority of the board for the plaintiff's removal were sufficient to constitute cause, namely, a failure to run the meetings of the board in an effective and impartial manner, giving latitude to members of his own party but "cutting off" others, failing to recognize points of order, acting in an arrogant and abusive manner toward guests, lack of courtesy, and acting without board authority. Accordingly, the court rendered judgment for the defendants on both counts of the complaint.

The plaintiff claims that the trial court improperly: (1) placed the burden of proof on him in the quo warranto action; (2) concluded that his removal was not in violation of his right to due process under the fourteenth amendment to the United States constitution; and (3) concluded that his removal was not in violation of the bylaws of the board. The board renews its claim that the court lacked subject matter jurisdiction under the "political question" doctrine, defends the trial court's judgment on the merits, and raises as an alternate ground of affirmance of the trial court's judgment that the court improperly denied its motion to strike the complaint. We conclude that: (1) the court had subject matter jurisdiction; and (2) the plaintiff's removal as chairperson was in violation of the board's bylaws.[6] We also reject the board's alternate ground for affirmance. Accordingly, we reverse the judgment of the trial court and order the court to issue the writs of quo warranto and mandamus.[7]

---

[6] This conclusion renders it unnecessary to decide whether (1) the trial court improperly placed the burden of proof on the plaintiff in the quo warranto action, and (2) the plaintiff had a cognizable property interest in the office of chairperson for purposes of the due process clause of the fourteenth amendment.

[7] The plaintiff asserts, and the defendants do not dispute, that if the plaintiff's removal was not lawful, the only appropriate remedies would

We first address the board's claim that the trial court lacked subject matter jurisdiction because this action concerns "the internal organization or processes of the [b]oard," and as such "raise[s] a nonjusticiable political question." We disagree.

Specifically, the board relies on that branch of the political question doctrine that requires a court to refrain from adjudication if "the court would be required to express a lack of due respect to a coordinate branch of government . . . ." *Seymour* v. *Region One Board of Education*, 261 Conn. 475, 484, 803 A.2d 318 (2002). We do not regard reviewing the contested aspects of this local board of education's conduct as challenging a "coordinate branch of government" within the meaning of the political question doctrine. Courts routinely review the actions of such boards under claims of illegality of various sorts. See, e.g., *Obeda* v. *Board of Selectmen*, 180 Conn. 521, 429 A.2d 956 (1980) (removal of member of local inland wetlands commission by board of selectmen); *State ex rel. Raslavsky* v. *Bonvouloir*, 167 Conn. 357, 355 A.2d 275 (1974) (removal of chairperson of board of finance by board of aldermen). There is nothing in the present case that implicates, in any way, the actions of either the legislative or executive branches of the state government. The plaintiff's legal claims are quite straightforward, and simply because they challenge the vote of the board to remove him as chairperson does not transform those legal claims into a political question within the meaning of that jurisdictional doctrine.

We next consider the plaintiff's claim that he was not given adequate notice of the claimed cause of his removal prior to the March 30, 2004 meeting of the board. We agree.

be to remove O'Brien as his successor as chairperson and to order his reinstatement as such.

The following additional facts are necessary to the resolution of this claim. Under the board's bylaws, the plaintiff was subject to removal as chairperson without cause by a vote of two thirds of the total membership of the board, or six members. Winchester Board of Education Bylaws, art. II, § 5 (2002).[8] Under the same bylaws, however, he was subject to removal for cause by a majority of those members of the board present at any special meeting called for that purpose. Id. The letter requesting a special session to consider his possible removal did not specify whether it was without cause or for cause.

In addition, our examination of the videotape of the meeting discloses the following. Apparently, meetings of the board are routinely videotaped. All nine members of the board were present at the March 30, 2004 special meeting. At the outset of the meeting, the plaintiff asked the three members who had asked for the meeting whether his possible removal was to be without cause or for cause. When no specific response was forthcoming, the plaintiff ruled that he therefore interpreted the matter as involving a removal without cause. One of the members then moved that he be removed for cause. At that point, the plaintiff, both by himself and through his attorney, who was attending the meeting, requested that the meeting be terminated because he had not been given a specific statement of the reasons for removal for cause. Relying specifically on article II, § 5, of the board's bylaws, the plaintiff claimed that "reasonable notice" embodied the notion that he be given prior notice of the specific grounds for a removal for cause. The plaintiff made this point repeatedly. When no such

---

[8] Article II, § 5, of the board's bylaws, entitled "Removal of Officers," provides: "Any officer of the Board may be removed from office for cause, after reasonable notice and hearing, by a majority vote of those present at any regular meeting or at any special meeting called for the purpose, and may be removed without cause at any time by a vote of two-thirds of the total membership of the Board."

specificity was forthcoming, either in writing or orally, the plaintiff as chairperson of the meeting ruled the meeting illegal for lack of reasonable notice. The board then, by a vote of five to four, overruled the plaintiff's ruling, and the meeting continued.

There then ensued a discussion of the plaintiff's short-comings as chairperson, and the plaintiff's responses thereto, denying the claims. At the end of this discussion, the plaintiff and his attorney renewed his request for written specifications of the cause of his removal, including a request for a two week continuance so that he could properly prepare a response to those specifications. This request was disregarded, and the matter went to a vote on the motion to remove him for cause, which carried by a vote of five to four. The meeting then adjourned.

On the basis of article II, § 5, of the board's bylaws, specifically the requirement that removal from office for cause must be preceded by "reasonable notice and hearing"; see footnote 8 of this opinion; we conclude that, if the plaintiff were to be removed as chairperson for cause, at the very least, upon timely request by the chairperson, the board must supply him with a reasonably specific statement of the factual basis of the claimed "cause" for his removal before he may be so removed. We also conclude that, under the circumstances of the present case, the plaintiff made a timely request and was not afforded the required reasonable notice.

We have previously defined "cause" in the closely related context of removal of a member of a local inland wetlands commission. "Cause implies a reasonable ground for removal as distinguished from a frivolous or incompetent ground. . . . The cause must be one which specifically relates to and affects the administration of the office, and must be restricted to something

of a substantial nature directly affecting the rights and interests of the public. 67 C.J.S., Officers § 120. Whether the assigned cause is sufficient in law to justify removal is a question for the court. . . . If the cause alleged is legally sufficient, then the judgment of the officer or board having the power of removal is conclusive, provided that there is evidence to support it." (Citations omitted; internal quotation marks omitted.) *Obeda* v. *Board of Selectmen*, supra, 180 Conn. 522–23.

What constitutes "reasonable notice" in any given legal context depends on the facts and circumstances of the case; *Cahn* v. *Cahn*, 225 Conn. 666, 674, 626 A.2d 296 (1993); including the purpose for which the notice is required. *Connecticut National Bank* v. *Esposito*, 210 Conn. 221, 227–28, 554 A.2d 735 (1989). Reasonable notice also ordinarily requires the opportunity to present claims or defenses. *Kron* v. *Thelen*, 178 Conn. 189, 193, 423 A.2d 857 (1979). In the present case, the purpose for which reasonable notice is required is twofold: to inform the chairperson of the claimed cause for his removal, so that he can prepare sufficiently for the hearing; and also to inform others on the board of that claimed cause, so that they can prepare to cast their vote intelligently.[9] These two purposes strongly suggest a requirement of some prior specificity in the reasonable notice condition of removal for cause under the board's bylaws. In addition, the necessarily general definition of "cause" points in the same direction, because unless that definition is given some prior specific content, the chairperson will be unduly hampered in preparing a response to the asserted removal proceedings, and the other members of the board will be unduly hampered in preparing intelligently for the hearing into such cause. Finally, the deferential scope of judicial

[9] Indeed, at the outset of the March 30, 2004 hearing, one of the other board members complained that he did not know what the claimed grounds for removal were.

review also points in the direction of reasonable specificity in the charges of cause for removal, because it will make that review more reliable. Thus, in light of the purposes of reasonable notice, necessarily general definition of "cause," and the deferential scope of judicial review as to whether cause has been established, we conclude that "reasonable notice" under the board's bylaws required a reasonably specific statement of that cause a sufficient time before the hearing to effectuate these two purposes. The letter to the plaintiff by the three members of the board who sought his removal did not suffice as constituting "reasonable notice" under the bylaws, where the plaintiff timely raised the issue of such specificity and requested a reasonable time to prepare his response.

In this connection, we note that in both *Obeda* v. *Board of Selectmen*, supra, 180 Conn. 521, and *State ex rel. Raslavsky* v. *Bonvouloir*, supra, 167 Conn. 357, the local official who was the subject of the removal proceedings had been given prior, specific notice of the asserted causes for removal. Indeed, in *Bonvouloir*, the local official had been supplied with eleven specific allegations of his purported failure to perform his duties; id., 358–59; and we referred to those allegations as having been "duly noticed . . . ." Id., 362. The board has not supplied us with any case in which a total absence of any prior specific allegations of cause for removal has been upheld.

We recognize that, as the board argues, it was the plaintiff who selected the date for the March 30, 2004 hearing, only five or six days after his receipt of the letter requesting the hearing, and that he did not, prior to that meeting, ask for a more specific statement of the claimed cause of his removal. Neither of these contentions is persuasive, however, in the context of the present case.

The plaintiff should not be penalized for calling the meeting promptly, especially when he was required to schedule it within fourteen days at the latest. In addition, the plaintiff did not know, and could not have known, until the meeting began, whether the claim for his removal was based on cause or without cause. Thus, until the motion was made at the meeting to consider removal for cause, the plaintiff could not have known with certainty that the board would be required to articulate *any* bases for his removal. Furthermore, "[t]his court has declined in the past to impose upon the municipal decision-making process the same degree of formality that would be required of a court." Id. We decline to impose on the plaintiff the kind of pleading requirement, such as a request for a more specific statement of the allegations of a complaint, that might be imposed on a party in a court of law.

The trial court determined, and the board contends, that the videotape of the March 30, 2004 hearing demonstrates that the plaintiff was able to respond effectively to the charges against him. We disagree. Simply because, in the meeting, the plaintiff responded to the claimed reasons for his removal, as they were articulated orally to him, does not establish that he was not hampered by a lack of prior specific notice of those reasons. Indeed, at the end of the meeting he indicated his need for such specificity by renewing his request therefor and for a reasonable time to respond. That request was particularly apt, given the relative generality and subjectivity of those reasons, and the apparent availability of videotapes of the prior meetings. Thus, had there been a prior specific statement of the reasons for his removal, the plaintiff would have been able to examine and present those videotapes in response to that statement, and the other members of the board would have had the opportunity to view them as bases for their ultimate votes on the motion for removal.

Finally, we address the board's alternate ground of affirmance, namely, that the trial court should have granted its motion to strike the plaintiff's complaint for quo warranto and mandamus. The essence of this claim is that such actions are not legally cognizable to challenge the removal of a chair of a local board, as opposed to the removal from the board itself. We are not persuaded.

First, as a matter of precedent, we disagree with the board that judicial review of such a limited removal has never been recognized in our jurisprudence. In *State ex rel. Raslavsky* v. *Bonvouloir*, supra, 167 Conn. 358, we entertained an appeal from the trial court's judgment "in an action in quo warranto, brought to determine the validity of the plaintiff's discharge from the position of chairman of the board of finance of the city of Milford, and the defendant's subsequent appointment to that office."

Second, as a matter of policy, we see no reason why the plaintiff, who was elected to the office of chairperson of the board under its bylaws, and was illegally removed under those same bylaws, may not utilize the courts to challenge that removal. Simply because he remained as a voting member of the board should not insulate the board from its illegality in removing him as chairperson.

The judgment is reversed and the case is remanded to the trial court with direction to render judgment for the plaintiff on the petitions for writs of quo warranto and mandamus.

In this opinion the other justices concurred.