11-1759-cv
Fromer v. Town Council of the Town of Windsor, *et al.*,

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel P. Moynihan United States Courthouse, 500 Pearl Street in the City of New York, on the 19th day of June, two thousand twelve.

PRESENT:

GUIDO CALABRESI,
JOSÉ A. CABRANES,
RAYMOND J. LOHIER,

*Circuit Judges*

ROBERT FROMER,

*Plaintiff-Appellant*,

v.                                                                        11-1759-cv

TOWN OF WINDSOR, DONALD TRINKS, ALAN SIMON,
RONALD ELEVELD, WILLIAM HERZFELD, DONALD
JEPSEN, AARON JUBREY, MATTHEW MARCI,
MICHAEL MCDONALD, and RANDY MCKENNEY,[1]

*Defendants-Appellees*,

**FOR PLAINTIFF-APPELLANT:**          KENT D. MAWHINNEY, Markowitz & Mawhinney, P.C., Bloomfield, CT.

---

[1] The Clerk is instructed to amend the official caption to conform with the caption above.

**FOR DEFENDANTS-APPELLEES:**  THOMAS R. GERARDE (Katherine E. Rule, *on the brief*), Howd & Ludorf, LLC, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-Appellant Robert Fromer appeals from a judgment of the District Court denying his motion for a preliminary injunction and for summary judgment and granting summary judgment in favor of defendants-appellants the Town Council of the Town of Windsor ("the Town Council"), Donald Trinks, Alan Simon, Ronald Eleveld, Williams Herzfeld, Donald Jepsen, Aaron Jubrey, Matthew Marci, Michael McDonald, and Randy McKenney (together, "the individual defendants") (together with the Town Council, "the defendants").

In his Amended Complaint, Fromer asserted three causes of action against the defendants, all stemming from the Town Council's decision to remove him from his public office as an unpaid, volunteer Commissioner on the Town of Windsor's Inland Wetlands and Watercourses Commission ("the IWWC"). First, he alleged that the defendants violated Connecticut law as established by the Connecticut Supreme Court in *Obeda v. Board of Selectmen*, 180 Conn. 521 (1980), by failing to provide sufficient cause for his removal. Second, he alleged that his dismissal was an unconstitutional act of retaliation in violation of his right to free speech under both the federal and Connecticut constitutions. Finally, Fromer alleged that his removal violated due process under both the federal and Connecticut constitutions.[2]

Fromer initially filed a motion for a preliminary injunction and a writ of mandamus. At oral argument before the District Court, however, the parties agreed that there were no issues of material fact in dispute, and therefore Fromer made an oral motion for summary judgment. The District Court denied both Fromer's motions for a preliminary injunction and for a writ of mandamus as well as his motion for summary judgment. In light of its ruling on Fromer's motion for summary judgment, and the parties' mutual concession that no facts were in dispute, the District Court

---

[2] Fromer also appears to advance a claim that the Town Council's decision to dismiss him violated his "absolute immunity from removal." *See* Appellant's Br. at 52. Without deciding whether Fromer, as a volunteer commissioner on a town wetlands commission is entitled to any sort of "immunity," we simply note that immunity is a protection from having to defend a *lawsuit*, not from being disciplined or otherwise subject to unfavorable actions. Fromer, or course, is the plaintiff in this lawsuit; he has not been sued and thus has no basis for asserting immunity.

2

entered summary judgment in favor of the defendants. We assume the parties' familiarity with the remaining facts and procedural issues of the case, as well as the issues on appeal.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we are "'required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought.'" *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (quoting *Stern v. Trs. of Columbia Univ.*, 131 F.3d 305, 312 (2d Cir. 1997)). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Following a *de novo* review of the record, we affirm for substantially the same reasons stated by the District Court in its Ruling of April 15, 2011. *See Fromer v. Town of Windsor*, No. 10-cv-1780-JCH (D. Conn. Apr. 15, 2011).

## CONCLUSION

We have considered all of Fromer's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court in all respects.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court